J-S24006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JEREMY R. KENDRICKS, | : | |
| | : | |
| Appellant | : | No. 860 MDA 2015 |

Appeal from the PCRA Order entered on April 23, 2015
in the Court of Common Pleas of Luzerne County,
Criminal Division, No(s):  CP-40-CR-0004155-2008

BEFORE:  GANTMAN, P.J., BOWES and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 26, 2016**

Jeremy R. Kendricks ("Kendricks") appeals from the denial of his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.   Additionally, Kendricks's counsel, Matthew P. Kelly, Esquire ("Kelly"), has filed a Petition to Withdraw as Counsel and an accompanying brief.[1]  We grant Kelly's Petition to Withdraw as Counsel and affirm the PCRA court's Order.

The PCRA court set forth the relevant factual and procedural history in its Opinion, which we adopt for the purpose of this appeal.  **See** PCRA Court

---

[1] Kelly's brief on appeal appears to be in the nature of a brief filed pursuant to **Anders v. California**, 386 U.S. 738 (1967), which applies when counsel seeks to withdraw from representation on direct appeal.  When, as in this case, counsel seeks to withdraw from representation on collateral appeal, the dictates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), are applicable.  However, because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** "no-merit" letter.  **See Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014).

Opinion, 4/23/15, at 1-5. Following the denial of the PCRA Petition,

Kendricks filed a timely Notice of Appeal.[2]

In the **Turner**/**Finley** brief, Kelly raises the following questions for our

review:

1. Whether trial counsel was ineffective in failing to object to the testimony of David Green ["Green"?]

2. Whether trial counsel was ineffective in not being prepared to cross-examine [] Green[] with regard to his [blood alcohol content ("BAC")?]

3. Whether trial counsel was ineffective in failing to object to the way the trial court read the jury charge[?]

4. Whether trial counsel was ineffective in failing to object to the Commonwealth's questioning of witness, Robin Malia ["Malia"][?]

5. Whether trial counsel was ineffective in failing to object to the racial makeup of the jury pursuant to **Batson v. Kentucky**[, 476 U.S. 79 (1986)?]

**Turner**/**Finley** Brief at 1.

Prior to addressing Kendricks's claims on appeal, we must address

Kelly's Petition to Withdraw as Counsel. Pursuant to **Turner**/**Finley**, an

independent review of the record by competent counsel is required before

withdrawal on collateral appeal is permitted. **See Commonwealth v. Pitts**,

---

[2] Following the filing of his PCRA Petition, the PCRA court appointed Kendricks counsel on April 16, 2013. Counsel filed a Supplemental PCRA Petition. Following the denial of the Supplemental Petition and the filing of the Notice of Appeal, Kendricks's PCRA counsel withdrew his representation and Kelly was appointed as appellate counsel.

981 A.2d 875, 876 n.1 (Pa. 2009). In **Pitts**, our Supreme Court explained

that such independent review requires proof of the following:

1. A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;

2. The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3. The PCRA counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The [] court conducting its own independent review of the record; and

5. The [] court agreeing with counsel that the petition was meritless.

**Id**.; **see also Commonwealth v. Freeland**, 106 A.3d 768, 774 (Pa. Super.

2014) (stating that if a no-merit letter is filed before it, the appellate court

"must conduct its own independent evaluation of the record and agree with

counsel that the petition is without merit."). Further, our Court has held

that the Supreme Court in **Pitts** did not expressly overrule the additional

requirement imposed by this Court in **Commonwealth v. Friend**, 896 A.2d

607, 615 (Pa. Super. 2006), stating

> that PCRA counsel seeking to withdraw contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

**Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa. Super. 2011).

Here, in the **Turner**/**Finley** brief, Kelly described the extent of his review, identified the issues that Kendricks seeks to raise, and explained why the issues lack merit. In addition, Kelly provided Kendricks with notice of his intention to seek permission to withdraw from representation, a copy of the **Turner**/**Finley** brief, and advised Kendricks of his rights in lieu of representation. Thus, we conclude that Kelly has substantially complied with the requirements necessary to withdraw as counsel. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with the requirements to withdraw as counsel will satisfy the **Turner**/**Finley** criteria). We now independently review Kendricks's claims to ascertain whether they entitle him to relief.[3]

> We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Here, each of Kendricks's claims involves the ineffective assistance of trial counsel. To succeed on such a claim, he must demonstrate by the preponderance of the evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some

---

[3] We note that Kendricks has filed neither a *pro se* brief nor retained alternate counsel for this appeal.

reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to be effective, and the burden is on the appellant to prove otherwise. *Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011).

In his first claim, Kendricks contends that his trial counsel was ineffective for failing to object to Green's testimony that Kendricks shot him. *Turner*/*Finley* Brief at 5. Kendricks argues that because he was not charged with shooting Green, Green's testimony was irrelevant and prejudicial. *Id*. at 5-6. Kendricks asserts that counsel's failure to object to Green's testimony did not have a reasonable basis. *Id*. at 6.

The PCRA court addressed Kendricks's first claim and determined that it is without merit. *See* PCRA Court Opinion, 4/23/15, at 5-6; *see also Commonwealth v. Kearney*, 92 A.3d 51, 65 (Pa. Super. 2014) (stating that "the following factors are to be considered in determining the propriety of admitting identification evidence: the opportunity of the witness to view the perpetrator at the time of the crime, the witness'[s] degree of attention, the accuracy of his prior description of the perpetrator, the level of certainty demonstrated at the confrontation, and the time between the crime and confrontation."). We adopt the sound reasoning of the PCRA court for the

purpose of this appeal, and conclude that Kendricks's first ineffectiveness claim fails. *See* PCRA Court Opinion, 4/23/15, at 5-6; *see also Commonwealth v. Cousar*, 928 A.2d 1025, 1033 (Pa. 2007) (stating that the testimony of an eyewitness supported the murder conviction, even though the witness admitted to drug use at time of the shooting, because the witness was only a few feet from the shooting, the shooter walked by the witness after the shooting, the witness picked the shooter's photo from an array, and the witness unequivocally identified defendant in court).

In his second claim, Kendricks contends that his trial counsel was ineffective for failing to prepare a proper cross-examination of Green with regard to Green's BAC on the night of the shooting. *Turner*/*Finley* Brief at 6. Kendricks argues that counsel was prevented from properly questioning Green about his BAC by failing to present a toxicologist to testify. *Id*. Kendricks claims that evidence showing that Green had a high BAC would have undermined Green's credibility to the jury. *Id*.

The PCRA court addressed Kendricks's second claim and determined that it is without merit. *See* PCRA Court Opinion, 4/23/15, at 6-8. We adopt the sound reasoning of the PCRA court for the purpose of this appeal. *See id*.[4]

---

[4] Additionally, Green clearly identified Kendricks as the shooter. *See, e.g.,* N.T., 5/3/10, at 379 (wherein Green stated that he was "one hundred percent" positive that Kendricks was the shooter).

In his third claim, Kendricks contends that trial counsel was ineffective for failing to ensure proper jury instructions. ***Turner***/***Finley*** Brief at 6-7. Kendricks argues that "trial counsel should have objected to the way the jury was charged in order to ensure that the jury understood the various levels of [h]omicides and their options." ***Id***.

The PCRA court addressed Kendricks's third claim and determined that it is without merit. ***See*** PCRA Court Opinion, 4/23/15, at 8-9; ***see also*** Pa.R.Crim.P. 647(D) (authorizing the trial court to provide additional instructions to the jury after the jury has retired to consider its verdict); ***Commonwealth v. Davalos***, 779 A.2d 1190, 1195 (Pa. Super. 2001) (noting that "[t]he scope of supplemental instructions given in response to a jury's request rests within the sound discretion of the trial judge."). We adopt the sound reasoning of the PCRA court for the purpose of this appeal. ***See*** PCRA Court Opinion, 4/23/15, at 8-9.

In his final claim, Kendricks contends that trial counsel was ineffective for failing to object to the racial makeup of the jury pursuant to ***Batson***. ***Turner***/***Finley*** Brief at 7. Kendricks argues that one or two African American jurors were stricken for no reason other than race. ***Id***.

The PCRA court addressed Kendricks's final claim and determined that it is without merit. ***See*** PCRA Court Opinion, 4/23/15, at 11-12. We adopt the sound reasoning of the PCRA court for the purpose of this appeal. ***See id***.

Our independent review of the record has revealed no meritorious claims that Kendricks could have raised, and we agree with Kelly that this appeal lacks merit.[5]  Accordingly, we affirm the Order denying Kendricks's first PCRA Petition and grant Kelly's Petition to Withdraw as Counsel.

Order affirmed.  Petition to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2016

---

[5] We note that in the **Turner**/**Finley** brief, Kelly does not set forth an argument related to the fourth question in the Statement of Questions Involved, *i.e.*, whether trial counsel was ineffective for failing to object to the Commonwealth's questioning of Malia.  However, our independent review of the record reveals that the PCRA court properly addressed this claim and determined that it is without merit.  **See** PCRA Court Opinion, 4/23/15, at 9-10.  We adopt the sound reasoning of the PCRA court as to this claim for the purpose of this appeal.  **See id**.