COMMONWEALTH OF
PENNSYLVANIA,
Appellee,

v.

Albert DAVALOS, Appellant.

Superior Court of Pennsylvania.

Submitted March 5, 2001.
Filed July 2, 2001.

Michael E. Davis, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: DEL SOLE, President Judge, FORD ELLIOTT and TAMILIA, JJ.

DEL SOLE, President Judge:

¶ 1 This is an appeal from a judgment of sentence entered against Appellant following convictions for aggravated assault, possession of an instrument of crime, and criminal conspiracy. We affirm.

¶ 2 On August 25, 1998, Appellant, driving his own car, and a passenger were circling a Philadelphia bar outside of which stood four of their friends. On his fifth lap around the block, Appellant stopped his car and lowered the passenger window. The passenger produced a gun and fired eight shots in the direction of the four men before Appellant sped away. The passenger hit one man in the ankle and another below the knee.

¶ 3 After a jury trial, Appellant was found guilty of two counts of aggravated assault and one count each of possession of an instrument of crime, and criminal conspiracy. Appellant was sentenced to concurrent terms of five to ten years for his convictions of aggravated assault and criminal conspiracy, as well as a concurrent term of two and one half to five years for possession of an instrument of crime

¶ 4 Appellant filed a timely notice of appeal, and the trial court ordered him to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant's trial counsel failed to file a 1925(b) statement and subsequently withdrew as counsel. Appellate counsel was then appointed to represent Appellant.

¶ 5 Appellant claims that he is entitled to: 1) arrest of judgment because the evidence is insufficient to sustain his convictions; 2) a new trial because the Commonwealth was permitted to amend the bills of information on the day of trial to change the names of the victim; and 3) a new trial as a result of the manner in which the trial court responded to a jury question concerning the law of criminal conspiracy. Appellant bases these claims on the assertion that trial counsel was ineffective for failing to comply with the trial court's order to file a 1925(b) statement.

¶ 6 The Commonwealth argues that all of Appellant's claims are waived because he failed to file a 1925(b) statement. The Commonwealth relies on *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), where the Pennsylvania Supreme Court held that a defendant must comply when a trial court orders the filing of a statement of matters complained of on appeal in order to preserve claims for appellate review. However, in an attempt to clarify *Lord,* the Pennsylvania Supreme Court specified in *Commonwealth v. Johnson,* 771 A.2d 751 (Pa.2001), that *Lord* "does not concern ineffective assistance of appellate counsel claims raised in Superior Court, as such claims are never subject to the benefit of a trial court opinion. [The Pennsylvania Supreme Court] did not intend for *Lord* to impact negatively upon the ability of appellants to bring forth ineffective assistance of counsel claims on direct appeal." *Id.* at 756. *See also Commonwealth v. Shaffer,* 763 A.2d 411, 412 n. 1 (Pa.Super.2000) (where appellant hired new counsel for appeal, issues of trial counsel ineffectiveness not raised in appellant's 1925(b) statement may be raised on appeal). Because of this interpretation, Appellant's claims can be reviewed under the standard rubric for ineffective counsel.

¶ 7 Trial counsel is presumed to be effective and Appellant has the burden of proving otherwise. *Commonwealth v. Williams,* 524 Pa. 218, 570 A.2d 75, 81 (1990). In reviewing ineffectiveness claims, we must first determine whether the issue underlying the charge of ineffectiveness is of arguable merit. *Commonwealth v. Sherard,* 483 Pa. 183, 394 A.2d 971 (1978). If not, we need look no further since counsel will not be deemed ineffective for failing to pursue a meritless issue. *Commonwealth v. Lennox,* 250 Pa.Super.

80, 378 A.2d 462 (1977). If there is arguable merit to the claim, we will then look to see whether the course chosen by counsel had some reasonable basis aimed at promoting the client's interests. *Commonwealth v. Evans,* 489 Pa. 85, 413 A.2d 1025 (1980). Further, there must be a showing that counsel's ineffectiveness prejudiced Appellant's case. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). The burden of producing the requisite proof lies with Appellant. *Commonwealth v. Hentosh,* 520 Pa. 325, 554 A.2d 20 (1989).

¶ 8 We begin by examining Appellant's underlying claims to determine whether they possess arguable merit. Appellant's first claim on appeal is that the evidence was insufficient to sustain his convictions. In reviewing the sufficiency of evidence, the test applied is "whether the evidence, and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all the elements of the offense beyond a reasonable doubt." *Commonwealth v. Williams,* 554 Pa. 1, 720 A.2d 679, 682–683 (1998) (citing *Commonwealth v. Hughes,* 536 Pa. 355, 639 A.2d 763, 766 (1994)). Both direct and circumstantial evidence must be considered equally when assessing the sufficiency of the evidence, *Commonwealth v. Carson,* 405 Pa.Super. 492, 592 A.2d 1318, 1320 (1991), and the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by relying wholly on circumstantial evidence. *Commonwealth v. Stasiak,* 305 Pa.Super. 257, 451 A.2d 520 (1982) (citing *Commonwealth v. Harper,* 485 Pa. 572, 403 A.2d 536, 538 (1979)). Furthermore, if a jury could have reasonably determined from the evidence adduced that all of the necessary elements of the crime were established, then the evidence will be deemed sufficient to support the verdict.

*Commonwealth v. Wood,* 432 Pa.Super. 183, 637 A.2d 1335, 1343 (1994).

¶ 9 In the instant case, Appellant claims the Commonwealth did not produce sufficient evidence to prove he was involved in a criminal conspiracy with the shooter. A person is guilty of conspiracy with another person to commit a crime if, with the intent of promoting or facilitating its commission, he agrees to aid another person in the planning or commission of such crime. 18 Pa.C.S.A. § 903(a)(2). Since an explicit or formal agreement to commit a crime can seldom be proved and need not be, proof of a criminal partnership can be extracted from circumstances that attend its activities. *Commonwealth v. Kennedy,* 499 Pa. 389, 453 A.2d 927, 929–930 (1982). Therefore, a conspiracy may be proven inferentially by showing the relation, conduct, or circumstances of the parties, and the overt acts of alleged co-conspirators are competent as proof that a criminal confederation has in fact been formed. *Id.* In *Commonwealth v. Swerdlow,* 431 Pa.Super. 453, 636 A.2d 1173 (1994), this court established criteria to follow when determining the existence of a criminal conspiracy:

> Among the circumstances that are relevant, but not sufficient by themselves, to prove a corrupt confederation are: (1) an association between alleged conspirators; (2) knowledge of the commission of the crime; (3) presence at the scene of the crime; and (4) in some situations, participation in the object of the conspiracy. The presence of such circumstances may furnish a web of evidence linking an accused to an alleged conspiracy beyond a reasonable doubt when viewed in conjunction with each other and in the context in which they occurred.

*Id.* at 1177.

¶ 10 In the instant case, Appellant was the friend and roommate of the

shooter, and he had knowledge of the shooting because he was present when it took place. Appellant drove the shooter to the bar and circled the block five times before stopping his car long enough for the shooter to empty his gun into the group of men. The driver of a getaway car can be found guilty as a co-conspirator if it is reasonable to infer that he was aware of the actual perpetrator's intention. *Commonwealth v. Brown*, 351 Pa.Super. 119, 505 A.2d 295, 297 (1986). After the shooting Appellant sped away with the shooter, changed cars and evaded the police for two hours before being arrested. The fact finder can consider flight indicative of a defendant's consciousness of guilt. *Commonwealth v. Ford*, 715 A.2d 1141, 1144 (Pa.Super.1998).

 ¶ 11 Viewing the evidence in the light most favorable to the Commonwealth, the jury could have reasonably adduced that Appellant not only agreed to, but did, aid the shooter in the commission of his act thereby establishing all the necessary elements of conspiracy. Once conspiracy is established and upheld, a member of the conspiracy is also guilty of the criminal acts of his co-conspirators. *Commonwealth v. Roux*, 465 Pa. 482, 350 A.2d 867, 871–872 (1976). There is sufficient evidence to uphold Appellant's convictions for aggravated assault and possessing an instrument of crime as well as criminal conspiracy. Therefore, Appellant's claim of insufficient evidence has no merit and counsel was not ineffective for failing to pursue it.

¶ 12 Appellant's second claim on appeal is that it was improper for the trial court to allow the Commonwealth to amend the information on the day of trial. Rule 229 of the Pennsylvania Rules of Criminal Procedure provides:

> The court may allow an information to be amended when there is a defect in form, the description of the offense, the

description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interests of justice. Pa.R.Crim.P. 229.

 ¶ 13 The purpose of Rule 229 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed. *Commonwealth v. Thomas*, 328 Pa.Super. 393, 477 A.2d 501, 507 (1984). In reaching this goal, this court has held:

> The courts of this Commonwealth employ the test of whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Commonwealth v. Stanley*, 265 Pa.Super. 194, 401 A.2d 1166, 1175 (1979).

 ¶ 14 In the instant case, the information was amended to replace the victims' names. Of the four men outside the bar the night of the shooting, the information originally listed as victims the two men who were not shot. The Commonwealth's motion to amend the information to replace those names with the names of the men actually shot was granted by the

trial court. Such an amendment is allowed if it does not charge an additional or different offense. *Commonwealth v. Lobel*, 294 Pa.Super. 550, 440 A.2d 602, 607 (1982). Here, there was no change in the offenses charged. The criminal complaint filed seven months before trial correctly identified the victims and those victims testified at Appellant preliminary hearing. While the Commonwealth provides no reason for its mistake or delay in correcting it, Appellant provides no evidence that amendment of the information on the day of trial prejudiced his case. Because the Commonwealth's amendment neither changed the offenses charged nor prejudiced Appellant's case, Appellant's claim has no merit and counsel was not ineffective for failing to pursue it.

¶ 15 Appellant's final claim on appeal is that the trial court improperly answered a jury question concerning the law of criminal conspiracy. In the instant case, the jury was initially instructed as to the law of criminal conspiracy. During deliberation, the jury posed the following question to the trial court:

> If found guilty on criminal conspiracy, must he be found guilty on all other charges? If not found guilty on criminal conspiracy, can he be found guilty on all other charges? Please answer individually on each question yes or no.

N.T., 4/13/99, at 138. Appellant's trial counsel requested that the trial court answer the first question in the negative and the second question in the affirmative. The prosecutor requested that a statement she submitted be used by the trial court to answer the jury's questions. The trial court decided to redeliver the standard charge on criminal conspiracy which defined the term "co-conspirator," explained the elements of the crime, and explained that Appellant could not be found guilty solely because of his presence at the scene of the crime, his association with the shooter or his knowledge of the conspiracy.

¶ 16 The scope of supplemental instructions given in response to a jury's request rests within the sound discretion of the trial judge. *Commonwealth v. Akers*, 392 Pa.Super. 170, 572 A.2d 746, 755 (1990). There may be situations in which a trial judge may decline to answer questions put by the jury, but where a jury returns on its own motion indicating confusion, the court has the duty to give such additional instructions on the law as the court may think necessary to clarify the jury's doubt or confusion. *Commonwealth v. Washington*, 274 Pa.Super. 560, 418 A.2d 548, 552 (1980). After re-charging the jury, the trial court asked whether any juror wanted him to redefine criminal conspiracy again and none did. Furthermore, the jury did not return with any further questions before rendering its verdict. This reflects that the trial court judge, using his discretion, provided additional instructions on the law that clarified the jury's initial doubt or confusion. Therefore, Appellant incurred no prejudice. His claim has no merit and counsel was not ineffective for failing to pursue it.

¶ 17 Judgment of sentence affirmed.