J-S65012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEREMIAH BUSH | |
| Appellant | No. 2976 EDA 2013 |

Appeal from the Judgment of Sentence May 29, 2013
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001940-2009

BEFORE: PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.             **FILED FEBRUARY 04, 2015**

Appellant, Jeremiah Bush, appeals from the judgment of sentence entered by the Honorable David F. Bortner, Court of Common Pleas of Chester County. After careful review, we affirm.

On October 21, 2006, Jonas Suber was shot to death inside his residence in Coatesville. Ultimately, the Commonwealth charged four individuals as involved in the crime: Bush, Eric Coxry, Duron Peoples, and Shamone Woods. At trial, the Commonwealth presented evidence of a conspiracy between the individuals to murder Suber, including a confession by Bush that he had acted as a getaway driver after Coxry had killed Suber.

_____

[*] Retired Senior Judge assigned to the Superior Court.

A jury convicted Bush of First Degree Murder, Second Degree Murder, Burglary, and Criminal Conspiracy to Commit First Degree Murder. On May 29, 2013, the trial court sentenced Bush to life imprisonment without the possibility of parole on the First Degree Murder conviction. All other convictions resulted in sentences of imprisonment that are concurrent with the life sentence. The trial court subsequently denied Bush's post-sentence motions, and this timely appeal followed.

On appeal, Bush raises three issues for our review:

I.     Whether or not the trial court erred by allowing, over defense objection, pre-trial testimony of Commonwealth witness Leon Lubiesjewski pursuant to Pa.R.Crim. P. 500A.

II.    Whether or not the trial court erred by denying defendant's post-sentence motion for new trial based upon a claim that the verdict was against the weight of the evidence.

III.   Whether or not the trial court erred by denying defendant's post-sentence motion challenging the sufficiency of the evidence.

Appellant's Brief, at 4. For purposes of organization, we will address issues two and three in reverse order after addressing Bush's first issue.

In his first issue, Bush argues that the trial court erred by allowing the Commonwealth to present the videotaped testimony of its witness, Detective Leon Lubiesjewski, at trial. Under the Rules of Criminal Procedure, a party may request the court to order "the taking and preserving of the testimony of any witness who may be unavailable for trial … or when due to exceptional circumstances, it is in the interests of justice that the witness'

testimony be preserved." Pa.R.Crim.P., Rule 500(A)(1). Bush contends that the Commonwealth failed to establish that it was entitled to this relief.

This Court has previously set forth the standard of review applicable to this issue:

> We evaluate the trial court's determinations regarding the admissibility of evidence by an abuse of discretion standard. **See Commonwealth v. Dengler**, 586 Pa. 54, 64-66, 890 A.2d 372, 379 (2005). We will not disturb the trial court's ruling unless that ruling reflects "manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." **Id**. (citation omitted).
>
> Upon motion of any party, a court may order the taking and preserving of the testimony of a witness who "may be unavailable for trial or for any other proceedings, or when due to exceptional circumstances, it is in the interests of justice that the witness' testimony be preserved." Pa.R.Crim.P., Rule 500(A)(1), 42 Pa.Cons.Stat.Ann. An unavailable witness is a witness who is not capable of appearing in court and giving testimony directly, for reasons such as illness or incapacitation. **See Commonwealth v. Rizzo**, 556 Pa. 10, 16, 726 A.2d 378, 381 (1999) (finding the language "may be unavailable" not applicable to situations where a witness could feasibly be present at trial).

**Commonwealth v. Einhorn**, 911 A.2d 960, 972 (Pa. Super. 2006).

Bush does not argue that Rule 500 is unconstitutional, but rather that its application under these circumstances violated his right to confront witnesses. As the Commonwealth concedes, **see** Appellee's Brief, at 18, Pennsylvania Courts have established seven conditions to ensure a defendant's right to confront witnesses is not violated when testimony is preserved through videotape for presentation at trial. **See Commonwealth**

*v. Stasko*, 370 A.2d 350 (Pa. 1977). As collated and organized by the Commonwealth, these seven conditions are:

> (1) notice was given to the appellant by the Commonwealth that the deposition would be taken; (2) defendant was present at the deposition; (3) defense counsel extensively cross-examined the witness; (4) the judge who presided at the trial also conducted the deposition; (5) the 'good faith effort' of the prosecution to obtain the witness's presence at trial was unquestioned; (6) the witness's inability to give live testimony was not the fault of the state; and (7) because the deposition was videotaped the jury did, in fact, have the opportunity to observe the demeanor of the witness and judge her credibility.

Appellee's Brief, at 18 (citing *Stasko*, 370). Bush alleges that three of these conditions, notably number 3, number 5, and number 6, were not met in this case.

Before addressing Bush's trifold arguments on this issue, we set forth the pertinent procedural and factual history. On February 6, 2013, the trial court entered an order directing that jury selection for this case would begin on May 10, 2013, and that trial would follow on May 13, 2013. On April 16, 2013, at a hearing on Bush's omnibus pretrial motions, the Commonwealth orally requested to have Detective Lubiesjewski's testimony preserved pursuant to Rule 500. *See* N.T., pre-trial hearing, 4/16/13, at 62-63.

The Commonwealth alleged that Detective Lubiesjewski had indicated that he would be out-of-state during the week of the trial on a pre-paid one-week vacation. *See id*. Bush objected, arguing that the detective was not unavailable as defined by the Rule, and furthermore, that his confrontation rights were being impinged in contravention of *Stasko*. *See id*., at 63-64.

In responding to Bush's objection, the Commonwealth stated that with respect to the timing of its request, it had contacted Bush immediately after Detective Lubiesjewski had informed the Commonwealth of his vacation plans. **See id**., at 71.

Turning to the arguments raised by Bush, he first asserts that he was denied the right to extensively cross-examine Detective Lubiesjewski. In essence, Bush argues that having Detective Lubiesjewski testify prior to the start of trial precluded the ability to cross-examine the detective using information developed through the testimony of other witnesses at trial. However, this argument proves too much. Any preservation of testimony would certainly limit the ability of a defendant to use trial testimony of other witnesses to cross-examine the witness. Accepting this argument would be the functional equivalent of declaring Rule 500 unconstitutional. As the Supreme Court of Pennsylvania has held that preservation of testimony by videotape is constitutionally permissible, **see Stasko**, 370 A.2d at 355, we conclude that this argument merits no relief on appeal.

Furthermore, Bush does not specifically identify what information developed at trial he would have used while cross-examining Detective Lubiesjewski. Even if Bush had a legitimate claim about specific evidence that was only available after being developed at trial, the appropriate response under these circumstances would have been to request the right to

recall the detective to the stand when he returned from his one-week vacation.

Bush also contends that condition five, that the Commonwealth exercised a good faith effort in obtaining the witness's presence at the trial, has not been met. However, Bush presents no evidence or even argument that the Commonwealth acted in bad faith. Rather, his argument on this issue is identical to his argument concerning condition six. Condition six requires that the witness's inability to present live testimony at trial not be the fault of the Commonwealth. *See Stasko*, 370 A.2d at 353-354 ("Of course, the declarant's inability to give live testimony must, in no way, be the fault of the state.").

In both arguments, Bush asserts that there is no evidence that can establish that the vacation plans were made before the trial date was scheduled. His argument then proceeds to note that the Commonwealth did not request relief pursuant to Rule 500 until April 16, over two months after the trial date was scheduled. He furthermore highlights that pursuant to the Commonwealth's statements in requesting relief, the Commonwealth did not verify Detective Lubiesjewski's ability to attend the trial until approximately the time of the motion. Thus, Bush argues, the Commonwealth has not established that it is faultless in failing to procure Detective Lubiesjewski's presence at trial.

Under these specific circumstances, we agree with Bush. The record is insufficient to establish that the sixth condition set forth in **Stasko** was satisfied. However, this does not end our analysis, as the Commonwealth contends that any error in this matter was harmless. **See Commonwealth v. Marshall**, 824 A.2d 323, 328 (Pa. Super. 2003) (an error is harmless if the court determines that the error could not have contributed to the verdict). "[H]armless error is a technique of appellate review designed to advance judicial economy by obviating the necessity for a retrial where the appellate court is convinced that a trial error was harmless beyond a reasonable doubt." **Commonwealth v. Noel**, 53 A.3d 848, 857 n.4 (Pa. Super. 2012) (citation omitted). "The harmless error doctrine … reflects the reality that the accused is entitled to a fair trial, not a perfect trial." **Commonwealth v. Passmore**, 857 A.2d 697, 710 (Pa. Super. 2004) (citation omitted).

Here, Detective Lubiesjewski's videotaped testimony addressed solely the issue of Bush's alleged consciousness of guilt by evading arrest after he was charged. This issue was tertiary to the case against Bush presented by the Commonwealth. **See** Appellant's Brief, at 26 ("The Commonwealth's main evidence regarding the alleged conspiracy and/or participation was the testimony of Brown and Milton."). The Commonwealth presented evidence that Bush had implicated himself and Coxry in the murder of Suber, and that

Coxry had confessed to the murder.  *See* N.T., Trial, 5/14/13, at 377-384; N.T., Trial, 5/15/13, at 483-484.

Additionally, Detective Lubiesjewski's videotaped testimony was substantially cumulative to live testimony presented by Detective Grady Patterson.  Both detectives testified as to an ultimately fruitless attempt to arrest Bush at his parents' home in North Philadelphia in February 2009. *See* N.T., Trial, 5/8/13, at 10-11; N.T., Trial, 5/15/13, at 608-609.  Both testified that a month later Bush was found and arrested inside another residence in North Philadelphia.  *See* N.T., Trial, 5/15/13, at 609-613; N.T., Trial, 5/8/13, at 13-22.  After reviewing the detectives' respective testimonies, we conclude that the only relevant differences concern the specific roles each detective played in each incident.

Thus, given the nature of the evidence at issue, and the fact that Detective Lubiesjewski's videotaped testimony was substantially cumulative to the live testimony of Detective Patterson, we are convinced beyond a reasonable doubt that the jury's verdict would not have been affected if Detective Lubiesjewski's testimony had been precluded.  We therefore conclude that Bush's first issue on appeal merits no relief.

As noted above, we now address Bush's third numbered issue on appeal, challenging the sufficiency of the evidence supporting his conviction for criminal conspiracy, and will address Bush's second numbered issue asserting that the verdict was against the weight of the evidence, last.  In

his third issue, Bush contends that there is insufficient evidence of record to support the jury's finding that he entered into an agreement to commit the crime of first-degree murder, or that he had acted with any criminal intent.

We review a challenge to the sufficiency of the evidence as follows.

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

> However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

- 9 -

Both of Bush's arguments challenge his conviction for criminal conspiracy. A person is guilty of conspiring with another person to commit a crime if, with the intent of promoting or facilitating its commission, he agrees to aid another person in the planning or commission of such crime. *See* 18 Pa.C.S.A. § 903(a)(2).

> The essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished. Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent. An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation.

*Commonwealth v. Knox*, 50 A.3d 732, 740 (Pa. Super. 2012) (citation omitted). The driver of a getaway car can be found guilty as a co-conspirator if it is reasonable to infer that he was aware of the actual perpetrator's intention. *Commonwealth v. Davalos*, 779 A.2d 1190, 1194 (Pa. Super. 2001).

In the present case, the Commonwealth presented evidence that, prior to the murder, Bush was present when Coxry brandished a firearm and stated that he was going to "take care of" a dispute between Suber and Peoples. N.T., Trial, 5/15/13, at 477-481. The same witness testified that after the murder, Bush claimed that he and Coxry had gone "and took care of that situation." *Id*., at 483-484. Finally, the witness testified that Bush

claimed to have assisted Coxry in murdering Suber by acting as his getaway driver. *See id*., at 484.

This evidence was certainly sufficient to establish that not only had Bush agreed to assist Coxry in the murder of Suber, but also that he had a criminal intent in driving Coxry to and from the scene of the murder. We therefore find no merit to this argument on appeal.

Returning to Bush's weight of the evidence claim, we review a challenge to the weight of the evidence as follows:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the [jury] is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the [jury's] verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Brown*, 71 A.3d 1009, 1013 (Pa. Super. 2013) (citation omitted; brackets in original), *appeal denied*, 77 A.3d 635 (Pa. 2013).

Bush's arguments on appeal consist of challenges to the credibility of the Commonwealth's primary witnesses. The trial court did not find that the jury's decision to credit their testimony shocked its conscience. Upon review of the record, and specifically the evidence discussed above, we cannot

conclude that the trial court's decision constituted an abuse of its discretion. As such, we conclude that Bush's final issue on appeal merits no relief.

As we conclude that none of Bush's issues on appeal merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judge Platt joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2015