J-A29043-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DANIELLE N. JORDAN-MONTANEZ, | : | |
| | : | |
| Appellant | : | No. 3837 EDA 2015 |

Appeal from the Judgment of Sentence, July 10, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015047-2012

BEFORE:  LAZARUS, PLATT,* and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 22, 2017**

Daniele N. Jordan-Montanez (Appellant) appeals from the judgment of sentence entered July 10, 2015, after she was found guilty of theft by deception-false impression, theft by unlawful taking of movable property, and criminal conspiracy.  We affirm.

Because we write only for the parties, a full recitation of the factual history is unnecessary.  We glean the following pertinent facts from the trial court's July 22, 2016 opinion.

In January 2012, Todd Cavallaro, the director of operations for Guava and Java, a store located in the Philadelphia airport, received W-2 forms for Guava and Java's employees.  Included were forms for three individuals whom he did not recognize. One of these individuals was Appellant. Upon further

* Retired Senior Judge assigned to the Superior Court

investigation, Cavallaro determined that other than the W-2 form, there was no record that Appellant was employed at Guava and Java.

Cavallaro presented his findings to David Sterling, one of the owners. Upon further inquiry it was determined that Appellant, although not known to the owners as having been an employee of Guava and Java, received a total of $16,028.01 in wages over the course of several years.

> Armed with this information, Sterling contacted police and provided them with his account of this incident. Detective Michael Wojciechowski began his investigation on February 8, 2012. He testified that he met with [Appellant] and she claimed that she worked for Guava and Java. She told him that she conducted job fairs, interviewed potential employees, and prepared food vouchers for airlines. Although [Appellant] claimed that she worked for Guava and Java, she could not present Detective Wojciechowski with an employment application or an airport security identification area badge that listed Guava and Java as her employer. Detective Wojciechowski checked with airport security and discovered that [Appellant] had been issued a badge for ACE Cash Express, a check cashing agency inside the airport. … Detective Wojciechowski interviewed both Sterling and [Anthony Ballard, the utility supervisor] and learned that the food vouchers, referred to by [Appellant], were actually prepared by [] Ballard. Detective Wojciechowski's investigation did not produce any information of specific dates and hours that [Appellant] worked for Guava and Java.

> [Adadonnette Hall-Cook, former general manager of Guava and Java stores] testified that she hired [Appellant] after she visited ACE Cash Express and shared with [Appellant] how overwhelmed she was at Guava and Java. Hall-Cook testified that [Appellant] had a business administration background, and she hired her to work for her at Guava and Java on an as-needed basis. [Appellant] testified that she assisted Hall-Cook with administrative duties, prescreening candidates, and job fairs. However, [] no Guava and Java supervisor or other employees ever saw [Appellant] work during any shift in any of Guava and Java's stores. Furthermore, Sterling testified that Hall-Cook was permitted to hire only four types of employees: cashier, barista,

baker, and utility workers. Sterling testified that Guava and Java did not authorize Hall-Cook to hire an assistant to perform any of her duties.

Trial Court Opinion, 11/22/2016 at 6-7 (citations omitted).

Following a jury trial, Appellant was convicted of the aforementioned crimes. On July 10, 2015, Appellant was sentenced to a term of five years' probation, and ordered to pay restitution. Appellant timely filed a post-sentence motion, which the trial court denied. Appellant then timely filed a notice of appeal.[1]

On appeal, Appellant raises a claim challenging the trial court's denial of her motion for acquittal. Appellant's Brief at 7. Specifically, Appellant avers that the Commonwealth failed to set forth sufficient evidence to sustain her convictions. Appellant's Brief at 9.

We address Appellant's issue on appeal mindful of the following.

[O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

_____

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

*Commonwealth v. Lynch*, 72 A.3d 706, 707-08 (Pa. Super. 2013) (internal citations and quotation marks omitted). "[I]f a jury could have reasonably determined from the evidence adduced that all of the necessary elements of the crime were established, then the evidence will be deemed sufficient to support the verdict." *Commonwealth v. Davalos*, 779 A.2d 1190, 1193 (Pa. Super. 2001). The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant. *Commonwealth v. Markman*, 916 A.2d 586, 598 (Pa. 2007).

An individual commits theft by unlawful taking-movable property, if it is proven that the perpetrator "takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a).

> A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally: [] creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise[.]

18 Pa.C.S. § 3922(a)(1).

> A conviction for criminal conspiracy is sustained where the Commonwealth establishes that the defendant entered an agreement to commit or aid in an unlawful act with another person or persons with shared criminal intent and one of the conspirators committed an overt act in furtherance of the agreed upon crime. *Commonwealth v. Lambert*, 795 A.2d 1010, 1016 (Pa. Super. 2002); see also 18 Pa.C.S[] § 903.

- 4 -

> The essence of a criminal conspiracy is the agreement made between the co-conspirators. ***Commonwealth v. Murphy***, [844 A.2d 1228, 1238 (Pa. 2004)]. "Mere association with the perpetrators, mere presence at the scene, or mere knowledge of the crime is insufficient." ***Lambert***, 795 A.2d at 1016. Additional proof that the defendant intended to commit the crime along with the co-conspirators is needed, that is, that the Appellant was "an active participant in the criminal enterprise and that he had knowledge of the conspiratorial agreement." ***Id.***

***Commonwealth v. Figueroa***, 859 A.2d 793, 798 (Pa. Super. 2004).

In her brief to this Court, Appellant provides the following summary of her argument:

> The evidence presented to the trial court was sufficient to establish beyond a reasonable doubt Appellant was hired by [Hall-Cook, the general manager] of Guava & Java stores, performed work for [Hall-Cook] on an as-needed basis, and was unaware that her employment at the Guava & Java locations was hidden from the owners. In the case at bar, the evidence submitted by the Commonwealth is insufficient to establish Appellant accepted money for which she was not entitled, knowingly created or enforced the illusion she was hired by the [general manager] of the Guava & Java stores, and entered into an agreement to unlawfully control Guava & Java's money. For this reason, Appellant's convictions cannot stand and we ask this Honorable Court to acquit Appellant on all charges, or at the very least, order a new trial.

Appellant's Brief at 9-10. In support thereof Appellant avers the Commonwealth: (1) failed to prove beyond a reasonable doubt that she did not work for Guava and Java, and that she was "not lawfully entitled" to the money she received; (2) failed to prove that Appellant created a false impression that she was an employee of Guava and Java, when the evidence presented showed that Appellant was hired by Hall-Cook and it was Hall-Cook and not Appellant who hid Appellant's employment as an assistant to Hall-

Cook from the owners; and (3) failed to prove that Appellant conspired with Hall-Cook to illegally obtain wages because "Appellant performed the work she was hired to perform." Appellant's Brief at 13-17.

The trial court responded to Appellant's sufficiency claims as follows.

> The Commonwealth presented evidence that proved beyond a reasonable doubt that [Appellant] unlawfully took a total of $16,028.01 from Guava and Java, an establishment owned by [] Sterling and Rita Bhasker, and that she did so with the intent to deprive the company of money generated from its business. The record shows that [Appellant] was paid a total of $8,455.23 in wages in 2009, a total of $1,509.21 in wages in 2010, and a total of $6,063.57 in wages in 2011. In total, [Appellant] obtained $16,028.01 in wages. This money was drawn from Guava and Java's Bank of America bank account and deposited by [Appellant] into her Wells Fargo bank account. Although payroll records showed that [Appellant] was paid wages from 2009 to 2011, there was no proof that she was employed by or performed work for the company. There were no personnel files, POS fingerprint or code entries entered by [Appellant]. She did not have an airport security identification area badge for Guava and Java. Sterling never saw [Appellant] working in any of his stores when he frequently visited. Cavallaro never saw or had contact with [Appellant] as an employee from the time he began as the director of operations in October 2011 until January 2012, when he received the W-2 envelopes. There was also no Guava and Java employee who ever saw [Appellant] working in any of the stores during this time period. Clearly, [Appellant] was not an employee of Guava and Java. Yet, she regularly obtained wages from this company and deposited them into her bank account. These facts proved beyond a reasonable doubt that [Appellant] unlawfully took money from Guava and Java with the intent to deprive the company of generated proceeds. Thus, there was sufficient evidence that defendant committed the crime of theft by unlawful taking.

> * * *

> In addition to presenting sufficient evidence to prove theft by unlawful taking, the Commonwealth proved beyond a reasonable doubt that defendant, with Hall-Cook's assistance,

intentionally obtained money that belonged to Guava and Java by intentionally creating and reinforcing the false impression that she was a Guava and Java employee when she was not so employed. Through such deception, [Appellant] intentionally obtained money from Guava and Java. From 2009 to 2011, [Appellant] continuously obtained checks from Guava and Java under the false impression that she was an employee. Each of these checks were [*sic*] drawn from Guava and Java's Bank of America bank account and deposited by [Appellant] into her Wells Fargo bank account. The foregoing evidence proved beyond a reasonable doubt that [Appellant] intentionally obtained money from Guava and Java by deception. Consequently, the Commonwealth presented sufficient evidence that [Appellant] was guilty of theft by deception.

\* \* \*

The evidence in this case was sufficient to prove [Appellant] guilty of criminal conspiracy. The evidence showed that [Appellant] entered into an agreement with Hall-Cook to commit theft against Guava and Java. As general manager, Hall-Cook placed [Appellant], and two other phantom employees, into Guava and Java's payroll system, thereby facilitating their receipt of wages from Guava and Java even though they were not employees of the company. ***See Commonwealth v. Savage***, 566 A.2d 272, 277 (Pa. Super. 1989) (holding that criminals "may enter into more than one criminal conspiracy involving similar crimes at the same time, even in the same area"). [Appellant] then took those checks and deposited them into her bank account. As a result of this conspiracy, [Appellant] obtained a total of $16,028.01 in wages from 2009 to 2011 even though she did not earn it as an employee of Guava and Java. ***See id.*** at 276 (ruling that "a single conspiratorial agreement may involve a continuing course of criminal conduct involving the repetition of a single crime or the commission of a series of crimes"). In presenting this evidence, the Commonwealth proved beyond a reasonable doubt that [Appellant] entered into an agreement with Hall-Cook to commit theft against Guava and Java. Consequently, there was sufficient evidence to sustain a criminal conspiracy conviction.

Trial Court Opinion, 11/22/2016 at 10-14.

We agree with the trial court's conclusions. Specifically, we find that

Appellant's sufficiency arguments mainly consist of Appellant attempting to

rebut the Commonwealth's theory by citing testimony Appellant elicited at trial that supported her claim that she was an employee at Guava and Java. In doing so, Appellant merely attacks the credibility determinations of the fact-finder, not the sufficiency of the evidence, and urges us to consider the evidence in the light most favorable to her, rather than the verdict winner. That we cannot do. *See Commonwealth v. Chambers*, 599 A.2d 630, 642 (Pa. 1991) ("Issues of credibility are properly left to the trier of fact for resolution, and the finder of fact is free to believe all, part, or none of the evidence.").

Moreover, the evidence presented was not so unreliable or speculative as to preclude a finding of guilt. *Commonwealth v. Hughes*, 908 A.2d 924, 928 (Pa. Super. 2006) (It is well-established that "the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances."). The evidence presented by the Commonwealth, if believed by the jury, was sufficient to sustain her convictions. Thus, we conclude that the trial court did not err in denying Appellant's motion for acquittal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2017