J-A18015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                           :            PENNSYLVANIA
                                           :

                     v.                            :
                                           :
                                         :

DARELLE TOLBERT-MCGHEE          :
                                         :
               Appellant          :       No. 1331 WDA 2020

Appeal from the Judgment of Sentence Entered June 24, 2020
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0002775-2017

BEFORE: OLSON, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                **FILED: December 7, 2021**

Appellant, Darelle Tolbert-McGhee, appeals from the judgment of sentence entered on June 24, 2020 in the Criminal Division of the Court of Common Pleas of Westmoreland County. We affirm.

Following the fatal shooting of Michael Wilson in Jeannette, Pennsylvania on April 13, 2017, the Commonwealth filed an information against Appellant, charging him with criminal homicide, firearms not to be carried without a license, and persons not to possess a firearm.[1] At the conclusion of a four-day trial on January 17, 2020, a jury found Appellant guilty of first-degree murder and firearms not to be carried without a license. Thereafter, on June 24, 2020, the court sentenced Appellant to serve life in prison without parole together with a concurrent term of five to 10 years' incarceration. Upon motion of the

_____

[1] 18 Pa.C.S.A. §§ 2501, 6106, and 6105. Prior to trial, the Commonwealth withdrew the charge of persons not to possess a firearm.

Commonwealth, the trial court amended Appellant's sentence on July 20, 2020, ordering Appellant to serve a concurrent term of three and one-half to seven years' imprisonment for firearms not to be carried without a license.[2]

Appellant filed a post-sentence motion on July 9, 2020, after the imposition of sentence in open court but before the trial court amended its judgment. The motion, which challenged the weight and sufficiency of the evidence, an order restricting cross examination of a Commonwealth expert, and the trial court's response to certain questions posed by the jury, was timely filed pursuant to an extension order issued by the court. *See* Trial Court Order, 7/6/20 (extending deadline for post-sentence motion to July 10, 2020).[3] Subsequently, the trial court directed the parties to submit memoranda supporting and opposing Appellant's post-sentence motion. *See* Trial Court Order, 7/15/20. Ultimately, Appellant's post-sentence motion was denied by opinion and order entered on November 17, 2020, and a timely notice of appeal was filed on December 1, 2020. In a statement issued on January 7, 2021, pursuant to Pa.R.A.P. 1925(a), the trial court declared that

_____

[2] The amended sentence left intact Appellant's life sentence for first-degree murder.

[3] After careful review of the certified record, it appears in several instances that the dates found on orders issued by the trial court and submissions filed by the parties do not correspond to the dates on which these materials were entered on the trial court's docket. We attribute this occurrence to intermittent disruptions to judicial operations caused by the COVID-19 pandemic. Where appropriate, we have used the dates appearing on certain documents rather than docket entry dates, as is our conventional practice.

the reason for its decisions were expressed in its opinion and order filed on

November 17, 2020.

Appellant's brief raises the following issues for our consideration.

Was the evidence presented by the Commonwealth sufficient to support [the convictions for first-degree murder and firearms not to be carried without a license]?

[Were Appellant's guilty verdicts] against the weight of the evidence presented?

Did the trial court abuse its discretion in precluding [Appellant] from cross examining the prosecution's expert witness as to whether this shooting was the product of sudden passion and rage?

Did the trial court abuse its discretion in failing to instruct the jury on the burden of proof and notice requirements in response to a jury question?

Appellant's Brief at 5.

Appellant's first claim challenges the sufficiency of the evidence offered

to support his convictions. Relevant to his conviction for first-degree murder,[4]

Appellant asserts that "[t]he evidence submitted at trial was insufficient to

prove that [Appellant] shot Michael Wilson with the specific intent to kill."

Appellant's Brief at 8. Appellant maintains that the Commonwealth's

witnesses did not adequately identify him as the shooter, given evidence of

_____

[4] The elements of first-degree murder are as follows: (1) a human being was unlawfully killed; (2) the defendant was responsible for the killing; and (3) the defendant acted with malice and a specific intent to kill. *Commonwealth v. Padilla*, 80 A.3d 1238, 1244 (Pa. 2013); 18 Pa.C.S. § 2502(a).

an *alibi* defense placing Appellant in Florida at the time of the killing. Appellant also claims that the Commonwealth failed to rebut the contention that Appellant's identical twin brother (who was fatally shot before trial in this case) was the individual who shot Wilson. Citing these same identification defenses, Appellant contends the evidence was insufficient to show that he possessed a firearm without a license at the time of Wilson's killing.[5] Finally, Appellant argues that the 12 shots fired in close range at the victim proved "sudden rage, following an argument, as opposed to a deliberate, planned, specific intent to kill." Appellant's Brief at 11.

Our standard of review is well settled:

A claim challenging the sufficiency of the evidence presents a question of law. We must determine "whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt." We "must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict."

Our Supreme Court has instructed: [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the

---

[5] An individual is guilty of possession of a firearm without a license if he carries a firearm in a vehicle or concealed on or about his person (with certain statutory exceptions not applicable here), without a valid and lawfully issued license under the crimes code. **See** 18 Pa.C.S.A. § 6106(a)(1).

weight of the evidence produced, is free to believe all, part or none of the evidence.

In addition, "[t]he Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant."

***Commonwealth v. Williams***, 73 A.3d 609, 617 (Pa. Super. 2013) (internal citations omitted).

Appellant is not entitled to relief on his sufficiency challenge. At trial, Appellant had ample opportunity to present defense *alibi* witnesses and to confront and challenge the testimony of several witnesses who appeared on behalf of the Commonwealth, including those who identified Appellant as the shooter at trial. Under our standard of review, it is the jury's function (not ours) to weigh the credibility of the witnesses and decide what persuasive force to assign to the testimony and evidence presented at trial. From its verdict, the jury clearly credited the testimony identifying Appellant as the shooter (and possessor of a firearm) and rejected Appellant's identification defenses. We cannot disturb this determination. Moreover, firing a dozen shots at a victim at close range is surely sufficient to prove, beyond a reasonable doubt, a specific intent to kill.[6] Accordingly, Appellant's first claim fails.

---

[6] Dr. Cyril Wecht, a board-certified forensic pathologist, autopsied the victim on April 14, 2017. He observed nine gunshot wounds on the victim's body, three of which struck the victim in his chest and perforated his heart, lungs, *(Footnote Continued Next Page)*

Appellant next claims that the jury's verdict was against the weight of the evidence. Here, Appellant reiterates his claim that, because he offered evidence to support an *alibi* defense and because he had an identical twin, "[t]here was no reliable, credible eyewitness linking [him] to [Wilson's murder]." Appellant's Brief at 14. This claim merits no relief.

We apply the following governing principles when considering a challenge to the weight of the evidence.

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-752 (Pa. 2000) (citations, footnotes and quotation marks omitted). "[T]o prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain

---

aorta, and pulmonary artery. *See* Trial Court Opinion, 11/17/20, at 4. "Specific intent to kill can be proven where the defendant knowingly applies deadly force to the person of another." *Commonwealth v. Haney*, 131 A.3d 24, 36 (Pa. 2015) (quotations and citation omitted).

that the verdict shocks the conscience of the [trial] court." ***Commonwealth v. Talbert***, 129 A.3d 536, 545 (Pa. Super. 2016) (internal citation omitted).

Our review of a weight claim differs from the standard of review applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis in original, internal citations omitted).

Appellant argues that his convictions for first-degree murder and possession of a firearm without a license are against the weight of the evidence for the same reasons he claims the evidence was insufficient to support those convictions, *i.e.* it was impossible for the eyewitnesses to determine which twin committed the shooting and the evidence of Appellant's presence in Florida wholly undermined the Commonwealth's proof of identification. These contentions essentially restate Appellant's sufficiency challenge.

As discussed above, we give the gravest consideration to the findings and reasons advanced by the trial court when reviewing its determination that

the verdict is not against the weight of the evidence. In this matter, the trial court rejected Appellant's challenge to the weight of the evidence after noting that several Commonwealth witnesses identified Appellant as the shooter, including one who testified she was quite familiar with Appellant, knew his twin brother, could distinguish between Appellant and his twin based upon body type and gait, and that she identified Appellant as the shooter on a surveillance videotape. *See* Trial Court Opinion, 11/17/20, at 4 and 8. Moreover, as the trial court observed, Appellant presented his identification defense to the jury, which was free to accept or reject it either in whole or in part. As such, we discern no abuse of discretion by the trial court in finding that Appellant's guilty verdicts did not shock its conscious. Accordingly, Appellant's weight claim merits no relief.

In his third issue, Appellant claims he is entitled to a new trial because the court barred cross-examination of the Commonwealth's forensic expert, Dr. Wecht, about whether the shooting resulted from a sudden heat of passion or rage. The question at issue was framed as follows: "And over the thousands of cases you've been involved in, is this consistent with a killing in rage or anger?" N.T. Trial, 1/13/20, at 244. Appellant maintains that the trial court's refusal to permit Dr. Wecht to respond to this question deprived him of an opportunity to develop evidence of provocation that might mitigate first-degree murder to third-degree murder. *See* Appellant's Brief at 16-17.

When reviewing a trial court's evidentiary ruling, we apply an abuse of discretion standard of review. ***Commonwealth v. Akrie***, 159 A.3d 982, 986 (Pa. super. 2017). "The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." ***Id***. at 986-987.

The trial court offered the following explanation for its evidentiary ruling in its November 17, 2020 opinion and order.

> Dr. Wecht's testimony was limited to his autopsy of the victim. [N.T. Trial, 1/13/20, at 235-239]. This included examining the gunshot wounds and determining the cause of death. [***Id***. at 238]. Dr. Wecht did not testify, nor could he testify, about the state of mind of the shooter. [Appellant] could have explored different ways to establish the state of mind of the shooter but chose not to. The question posed by [Appellant] was improper and outside the scope of the witness's knowledge. Further, the question infringed on the role of the jury, as the fact-finder to make this determination. Therefore, [the trial court] precluded [Appellant's] question.

Trial Court Opinion, 11/17/20, at 9.

The trial court did not abuse its discretion in precluding questions by defense counsel about the shooter's state of mind. Dr. Wecht confined his testimony to the nature and extent of the wounds inflicted upon the victim and the cause of the victim's death. He offered no facts or opinions concerning the shooter's state of mind and expressed no knowledge, awareness, or understanding of the shooter's mental state during direct examination. Under

these circumstances, the trial court's ruling was entirely consistent with Pennsylvania trial practice. *See Commonwealth v. La*, 640 A.2d 1336, 1350 (Pa. Super. 1994) ("Ordinarily, cross-examination of witnesses is limited to matters brought out on direct examination, with an exception that questions outside the scope of direct examination are permitted to show bias on the part of a witness.") (citation omitted).

In his final issue, Appellant asserts that the trial court erred or abused its discretion in responding to a question posed by the jury shortly after the commencement of deliberations. In its first question, the jury asked whether Appellant had the same attorney at the preliminary hearing and at trial. In its second question, the jury asked whether there was a writing which stipulated or reflected a defense strategy at the time of the preliminary hearing to offer proof that Appellant's twin shot the victim. Appellant maintains that the questions reflect confusion as to whether the defense bore some burden to provide notice with respect to certain aspects of its trial strategy. Appellant insists that, because this is not the law in Pennsylvania, the court should have given further instructions on Appellant's burden of proof at trial.

> The scope of supplemental instructions given in response to a jury's request rests within the sound discretion of the trial judge. *Commonwealth v. Akers*, 572 A.2d 746, 755 (Pa. Super. 1990). There may be situations in which a trial judge may decline to answer questions put by the jury, but where a jury returns on its own motion indicating confusion, the court has the duty to give such additional instructions on the law as the court may think necessary to clarify the jury's doubt or confusion.

- 10 -

***Commonwealth v. Washington***, 418 A.2d 548, 552 (Pa. Super. 1980).

***Commonwealth v. Davalos***, 779 A.2d 1190, 1195 (Pa. Super. 2001).

Here, after reviewing the jury's questions, the trial court determined that the jury sought information that was not part of the record developed at trial.  ***See*** Trial Court Opinion, 11/17/20, at 10.  Because neither inquiry reflected confusion about the law, the court found that additional instructions would not be proper.  We agree and, accordingly, conclude that the trial court properly instructed the jury to rely on its own recollection of the facts and testimony presented at trial.  ***See id.***

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2021

- 11 -