J-S18018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PABLO MATOS, JR. | : | |
| | : | |
| Appellant | : | No. 1389 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 5, 2021
In the Court of Common Pleas of Juniata County Criminal Division at
No(s):  CP-34-CR-0000220-2019

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED OCTOBER 12, 2022**

Pablo Matos, Jr. appeals the judgment of sentence imposed after a jury found him guilty of persons not to possess, use, manufacture, control, sell or transfer firearms.[1] He maintains that the trial court erred in its response to a question from the jury during deliberations. We affirm.

The Commonwealth presented the following facts at trial. Matos' girlfriend testified that she and Matos purchased a shotgun and ammunition. *See* N.T., Trial, 9/27/21, at 28, 29. She testified that Matos told her that he wanted to purchase a firearm to protect against home invasions. *Id.* at 24. She testified that they went to a store to purchase a shotgun. When they returned home, Matos assembled the shotgun, showed her how to use the weapon, and then he shot the weapon approximately five to six times. *Id.* at

_____

[1] 18 Pa.C.S.A. § 6105(a)(1).

29, 31. Following an argument between the two via text message the next day, Matos' girlfriend called the police. *Id.* at 33-34. When they arrived, she informed them that she purchased a weapon for Matos. *Id.* at 34. The parties stipulated that Matos was prohibited to possess or own a firearm. *Id.* at 18.

During its deliberations, the jury asked the court the following question: "[I]f you are found to be illegal to own a firearm, is it against the law to be living in a home where a firearm exists?" *Id.* at 93. The court told the prosecutor and defense counsel that it was going to repeat to the jury "the concept of possession, use, or control with the caveat that if you're merely in the home where there's a firearm and you do not possess, use or control, the weapon, then you do not fit the definition." *Id.* Defense counsel asked that the court "say it more succinctly" by saying that mere presence is not enough. *Id.* The court brought the jury out and answered its question as follows:

> Members of the jury, I received your question; and if I understand it correctly, I'll be happy to try to answer it for you in this way: Under this particular offense, if you're a person who is not by law permitted to possess a firearm and you happen to be in a structure, like a home, where there is a weapon, or a firearm, the mere fact that you are present is not enough to hold you criminally responsible under these particular charges.

> The issue in this case is whether Mr. Matos possessed, used, or controlled the gun. So if you found that he had it in his hands, that would be possession. If you found that he fired it, that would be using it. If you found that he had it in the home with the intent to exercise control over it, meaning that he intended to treat it as his, that he would control, for example, where it was store[d], who would have access to it, that sort of thing, even though it might not actually be in his hands, that would fit the definition of the crime; but the

> mere fact that he's in the home if the weapon is there by itself with nothing else, would not constitute the crime.

*Id.* at 94. The court inquired of the Commonwealth and defense counsel if they had anything else to offer, and both parties stated, "No." *Id.* at 95.

The jury found Matos guilty. Following a sentencing hearing, the court sentenced Matos to 60 to 120 months of incarceration. *See* N.T., Sentencing, 10/5/21, at 12. This appeal followed. The court and Matos also complied with Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

Matos presents the following issue: "Did the trial court commit reversible error by conveying to the jury that [Matos] was strictly liable for 'possession' of a firearm if he held it in his hands?" Matos' Br. at 7.

Matos maintains that the trial court's answer to the jury's question "conveyed that the principle of strict liability applied[.]" *Id.* at 8. He alleges that the trial court did not answer the jury's question and instead "directed a guilty verdict." *Id.* at 11. He also maintains that the Commonwealth was required to prove constructive possession and as such, it is clear from the jury's question that the jury was questioning whether it could convict Matos after hearing all the evidence. *See id.* at 9, 10.

Instructions given in response to a jury's question are within the discretion of the trial court. *See Commonwealth v. Davalos*, 779 A.2d 1190, 1195 (Pa.Super. 2001) (citation omitted). The court should "give such additional instructions on the law as the court may think necessary to clarify the jury's doubt or confusion." *Id.* (citation omitted). Additionally, counsel

"must lodge a timely objection" to preserve issues on appeal. ***Commonwealth v. Montalvo***, 956 A.2d 926, 936 (Pa. 2008).

Here, counsel did not object to the court's response. Therefore, the issue is waived. However, even if not waived, the issue is meritless. The jury's question centered on whether it was a crime for a person who cannot lawfully possess a firearm to be in a house where there is a firearm. The court instructed the jury that merely being present in the home would not suffice to be convicted of the listed charge. The court explained that something more would be necessary such as holding or firing the weapon. The court also explained that if the jury found that Matos held or had the intent to possess the weapon, such facts would suffice for the charge at issue. The trial court did not abuse its discretion.

Furthermore, Matos' argument regarding constructive possession is unavailing. Though the Commonwealth was required to prove that Matos possessed or used the shotgun, it was not required to prove it by showing constructive possession. ***See Commonwealth v. Hall***, 199 A.3d 954, 960 (Pa.Super. 2018) ("The Commonwealth may meet its burden of proving a possessory crime by showing actual possession, constructive possession, or joint constructive possession").

The Commonwealth was required to prove that Matos possessed, used, controlled, sold, transferred, or manufactured a firearm. ***See*** 18 Pa.C.S.A. § 6105(a)(1). The Commonwealth's theory of the case was actual possession.

The Commonwealth presented evidence from Matos' girlfriend that he in fact held a shotgun and fired it multiple times. We affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2022