J-S56018-18

2018 PA Super 348

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :           PENNSYLVANIA
                                 :
              v.                 :
                                 :
                                 :
ANDREW BERNARD EVANS,            :
                                 :
          Appellant.             :     No. 405 MDA 2018


Appeal from the Judgment of Sentence, January 31, 2018,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s):  CP-36-CR-0001951-2017.


BEFORE:  GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

OPINION BY KUNSELMAN, J.:               **FILED DECEMBER 20, 2018**

Andrew Bernard Evans appeals from the judgment of sentence imposed after the trial court found him guilty of harassment, graded as a summary offense.  We remand with instructions.

The facts and procedural history are as follows:  Following a domestic incident with his girlfriend, Evans was charged with various felonies and misdemeanors, namely strangulation, two counts of intimidating a witness, stalking and simple assault.[1]  Evans was also charged with the summary offense of harassment.[2]  At the conclusion of trial, a jury acquitted Evans of all charges.  Immediately thereafter, the trial court found him guilty of

_____

[1] ***See*** 18 PA.C.S.A. §§ 2718(a)(1), 4952(a)(3) & (a)(5), 2709.1(a)(1), and 2701(a)(1), respectively.

[2] 18 Pa.C.S.A. § 2709(a)(1).

harassment and imposed a 90-day term of probation. Neither the trial court nor defense counsel informed Evans of his post-sentencing rights on the record, and Evans did not file a post-sentence motion. This timely appeal followed. Both Evans and the trial court have complied with Pa.R.A.P. 1925.

Evans raises the following issue:

I.     Where Evans was never advised of his post-sentence rights on the record after being convicted of harassment, a summary offense, by the trial court, therefore he has not waived his right to file a weight of the evidence claim, was the verdict against the weight of the evidence where the testimony of [the complainant] was unreliable, contradictory and incredible where she refused to cooperate with the police the evening of the assault by declining medical treatment, declining [to permit] photographs of any alleged injuries, declined to provide a statement to the police regarding the incident, informed the police that she did not want Evans arrested, bailed Evans out of jail, and at a later date informed the police she did not wish to proceed with any charges?

**See** Evans' Brief at 5.

Initially, we must determine whether Evans' weight claim is properly before us. Evans claims that, because the trial court failed to review his post-sentence rights on the record, "he was not aware he needed to file a post-sentence motion to preserve his claim that the verdict on the summary Harassment was against the weight of the evidence." Evans' Brief at 8. Evans therefore asserts that his claim is not waived. The Commonwealth responds that Evans "was entirely aware of his appellate rights, as trial counsel explicitly

- 2 -

acknowledged such on the record at the time of [Evans'] summary conviction." Commonwealth's Brief at 4.

Our resolution of this issue involves the interplay of three distinct rules of the Pennsylvania Rules of Criminal Procedure; Rule 720, Rule 607, and Rule 704.

Rule 720 sets forth when post-sentence motions are to be filed and provides that, in most cases, the post-sentence motion is optional—"Issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion." Pa.R.Crim.P. 720(B)(1)(c). In **Commonwealth v. Widmer**, 689 A.2d 213 (Pa. 1997), our Supreme Court recognized that this optional practice, when applied to a weight of the evidence claim, created a problem with the preservation of weight claim since "challenges to the weight of the evidence can never be raised 'before or during trial;' rather such challenges can only be raised *after* trial." **Widmer**, 689 A.2d at 213 (Cappy, J., concurring).

In response to Justice Cappy's urging in **Widmer** that the Criminal Rules Committee revised the pertinent rule, which was later renumbered to Rule 607.[3] Rule 607(A)(3) provides that "[a] claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for new

---

[3] Rule 1124A was adopted on October 15, 1997, effective January 1, 1998. Rule 1124A was renumbered Rule 607 and amended on March 1, 2000, effective April 1, 2001.

trial . . . in a post-sentence motion." As stated in the accompanying Comment, "The purpose of this rule [was] to make it clear that a challenge to the weight of the evidence claim must be raised with the trial court or it will be waived. Appellate review of a weight of the evidence claim is limited to a review of the judge's exercise of discretion." Rule 607, Comment (citing **Widmer**, **supra**, and **Commonwealth v. Brown**, 648 A.2d 1177, 1189-92 (Pa. 1994)).

Rule 704 concerns the procedure to be followed by the trial court at the time of sentencing. Relevant to our discussion, is Rule 704(C)(3)(a), which provides: "The judge shall determine on the record that the defendant has been advised of . . . the right to file a post-sentence motion and to appeal, [and] the time within which the defendant must exercise those rights[.]" This paragraph "requires the judge to ensure the defendant is advised of his or her rights concerning post-sentence motions and appeal." Rule 607, Comment (citing **Commonwealth v. Librizzi**, 810 A.2d 692 (Pa. Super. 2002).[4]

In this case, the trial court conceded that it did not fulfill its obligation pursuant to Rule 704, but was unsure of whether it could still entertain Evans' weight claim. The court explained:

> [T]he court did not specifically advise [Evans] of his post-sentence rights on the record after it found [him] guilty of Harassment. Although [Evans'] counsel noted [Evans']

---

[4] The Comment further explains that a written colloquy advising a defendant of his post-sentence and appellate rights may be used as long as it is made part of the record of the sentencing proceeding and is supplemented by an on-the-record examination. There is no indication in the certified record that a written colloquy was employed in this case.

thirty (30) day appeal period and the Commonwealth eluded to [Evans'] previous appeal of an additional summary harassment conviction [involving the complainant] at sentencing, which could be considered evidence that [Evans] had been advised of his appellate rights, the record is devoid of discussion or advisement with respect to [Evans'] post-sentencing right. Because the instant issue specifically relates to the requirement [Evans'] claim be raised in a post-sentence motion, the court cannot conclude that it satisfied its duty under Rule 704.

Despite acknowledging this, the court is uncertain whether a failure to fully inform a defendant of his post-sentencing and appellate rights negates the staunch requirement that a weight of the evidence claim is waived on appeal unless previously raised with the trial court. As noted, [Evans'] Concise Statement provided no guidance, and despite a great deal of independent effort, the court was unable to find any rule, comment or precedent to support [Evan's] argument that [he is] now permitted to raise the claim. Without knowing the legal impact which a failure to advise a defendant of his post-sentence rights has on his ability to bring a weight of the evidence claim, the court is unwilling to reject this bright-line rule.

It is well-established that, without a prior motion, the inclusion of a weight of the evidence claim in a defendant's concise statement, combined with a court addressing the claim in its Pa.R.A.P. 1925(a) opinion, does not preserve the weight of the evidence claim for appellate review. However, because of the uncertainty discussed **supra**, the court feels compelled to address the merit of the error instantly raised.

Trial Court Opinion, 4/26/18, at 4-5 (footnotes omitted).

Our review of the record supports the trial court's conclusion that neither the court, nor Evans' counsel, informed Evans of his post-sentence rights on the record. Although the Commonwealth cites this Court's recent decision in **Commonwealth v. Bynum-Hamilton**, 135 A.3d 179 (Pa. Super. 2016) to support its claim that Evans was not prejudiced by the trial court's

shortcoming, that case is easily distinguishable. In **Bynum-Hamilton**, this Court found no prejudice because—despite the failure of the trial court to inform the defendant of his post-sentencing rights—trial counsel indicated he would inform the defendant of his post-sentencing rights and, "in fact, filed a timely post-sentence motion and notice of appeal on [Bynum-Hamilton's] behalf." **Bynum-Hamilton**, 135 A.3d at 185.

Here, the record does not support the Commonwealth's claim that "trial counsel made [Evans] aware of his rights on the record." Commonwealth's Brief at 5. Unlike the facts in **Bynum-Hamilton**, although trial counsel mentioned the thirty-day appeal period, he did not specifically indicate to the trial court that he would advise Evans of his post-sentencing rights, and counsel did not file a post-sentence motion. Thus, we cannot agree that Evans' was not prejudiced by the trial court's failure to perform its duties pursuant to Rule 704.

Although we have determined that Evans was prejudiced by the trial court's shortcoming, we must still determine the proper remedy, that is, whether we should overlook waiver and address the merits of Evans' weight claim or remand so that Evans can file a *nunc pro tunc* motion for new trial based upon a weight of the evidence claim. For the reasons that follow, Pennsylvania precedent supports the latter option.

This Court has previously characterized a trial court's failure to advise a defendant of his post-sentencing or appellate rights as a "breakdown in the processes of the court." **Commonwealth v. Patterson**, 940 A.2d 493, 498

(Pa. Super 2007). Pennsylvania precedents involving this circumstance usually involves excusing the late filing of an appeal. *See*, *e.g.*, ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 791 (Pa. Super. 2001); ***Commonwealth v. Bogden***, 5285 A.2d 168, 170 (Pa. Super. 1987); ***Commonwealth v. Hurst***, 532 A.2d 865, 867 (Pa. Super. 1987); ***Commonwealth v. Katz***, 464 A.2d 1343 (Pa. Super. 1983). Like the trial court, our research had uncovered a dearth of appellate precedent concerning the effect of a trial court's failure to inform a criminal defendant of his need to file a post-sentence motion in order to preserve a weight claim.

In **Widmer**, *supra*, our Supreme Court, in reversing this Court's finding that Widmer waived his weight claim by failing to file a post-sentence motion, stated that we "should have remanded the case to the trial court . . . to permit [Widmer] to file a motion for a new trial *nunc pro tunc* challenging the weight of the evidence." **Widmer**, 689 A.2d at 212-13. We conclude that Evans is entitled to the same resolution in this case. Thus, we remand the case to the trial court to permit Evans to file a motion for new trial *nunc pro tunc* in which he may challenge the weight of the evidence supporting his summary conviction of harassment.[5]

---

[5] Arguably, because the jury acquitted Evans of all of the more serious charges and the trial court found him guilty of the summary offense, this appeal could be considered as one taken from a summary conviction for which no post-sentence motion is required. **See** Pa.R.Crim.P. 720(D). We choose not to do so in this case since, in addressing the weight claim, the trial court confuses the proper standard of review with the standard of review for a sufficiency

Case remanded with instructions.  Jurisdiction relinquished.

Judge Musmanno joins this Opinion.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2018

---

challenge.  ***See*** Trial Court Opinion, 4/26/18, at 5-15.  As such, the trial court opinion does not give us a basis to perform meaningful appellate review.