J-A03024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NORMAN P. BLACKSTONE JR. | : | |
| | : | |
| Appellant | : | No. 130 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 6, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003813-2018,
CP-22-CR-0003824-2018, CP-22-CR-0005321-2018


BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 08, 2020**

Norman P. Blackstone, Jr., appeals from his judgment of sentence, entered in the Court of Common Pleas of Dauphin County, imposed after he pled guilty to charges on three separate docket numbers.  Upon careful review, we affirm.

On December 6, 2018, Blackstone pled guilty to the following:  (1) two drug-related offenses at No. 3824-18;[1] (2) fleeing and eluding a police officer and one drug-related offense at No. 5321-18;[2] and (3) two firearms offenses at No. 3813-18.[3]   On that same date, in a single order, the trial court imposed consecutive sentences at these docket numbers, for an aggregate sentence of

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 7512.

[2] 75 Pa.C.S.A. § 3733; 35 P.S. § 780-113(a)(16).

[3] 18 Pa.C.S.A. § 6105; 18 Pa.C.S.A. § 6106(a).

two to four years' imprisonment, followed by seven years of state-supervised probation.

On January 11, 2019, Blackstone filed a single *pro se* notice of appeal listing all three docket numbers. On January 18, 2019, the trial court ordered Blackstone to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On January 30, 2019, Blackstone's trial counsel filed a petition to withdraw as counsel, and on January 31, 2019, it was granted. On March 5, 2019, the trial court issued an order stating that Blackstone's failure to file a Rule 1925(b) concise statement resulted in waiver of his appeal. On March 27, 2019, we ordered the trial court to conduct a **Grazier** hearing, pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988), to determine if Blackstone wished to proceed *pro se* or be represented by counsel throughout the pendency of his appeal. Pursuant to the **Grazier** hearing conducted on May 2, 2019, the trial court determined that Blackstone desired to be represented by counsel. On May 6, 2019, Attorney Jenni Chavis was ordered to represent Blackstone, however, due to a clerical error in the trial court, Attorney Chavis was only appointed to represent Blackstone for the **Grazier** hearing, and not for the remainder of his appeal. On May 30, 2019, the trial court corrected the error, appointed Attorney Chavis to represent Blackstone for the remainder of the appeal, and ordered Blackstone to file a Rule 1925(b) concise statement of errors complained of on appeal. On June 19, 2019,

Blackstone filed a timely Rule 1925(b) statement, pursuant to our order filed March 27, 2019.[4]

Blackstone raises a single issue on appeal: "Did the trial court abuse its discretion when sentencing [Blackstone] to two to four years in a state correctional facility[,] followed by a consecutive seven years of state supervision?" Appellant's Brief, at 7.

As an initial matter, we must determine whether Blackstone's failure to file three separate notices of appeal, one for each of the three docket numbers, requires us to quash the instant appeal. In **Commonwealth v. Williams**, 206 A.3d 573 (Pa. Super. 2019), we explained:

> Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a). . . ." **Commonwealth v. Walker**, 185 A.3d 969, 976 (Pa. 2018). The Official Note now reads:
>
>> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).
>
> Pa.R.A.P. 341, Official Note.
>
> In **Walker**, our Supreme Court construed the above-language as constituting "a bright-line mandatory instruction to practitioners

---

[4] Our order granted Blackstone twenty-one days, from the date the trial court issued its **Grazier** hearing determination, to file his timely Rule 1925(b) statement. The trial court issued its determination on May 30, 2019.

to file separate notices of appeal." ***Walker***, 185 A.3d at 976-77. Therefore, the ***Walker*** Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." ***Id.*** at 977. However, the Court tempered its holding by making it prospective only, recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." ***Id.*** Accordingly, the ***Walker*** Court directed that "in future cases Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." ***Id.***

***Id.*** at 575-76.

In ***Commonwealth v. Stansbury***, 219 A.3d 157 (Pa. Super. 2019), our Court declined to quash an appeal pursuant to ***Walker*** where a defendant filed one notice of appeal listing two docket numbers. ***Id.*** at 158. There, the trial court advised a *pro se* defendant to file "**a** written notice of appeal to the Superior Court" from a single trial court order listing multiple docket numbers under a single caption. ***Id.*** at 159 (emphasis in original). Our Court concluded that the trial court had misinformed the defendant, which amounted to a "breakdown in the court system" and excused the defendant's lack of compliance with ***Walker***. ***Id.*** at 160.

Here, at the conclusion of Blackstone's guilty plea and sentencing hearing, the trial court permitted Blackstone to waive the reading of his appellate rights. ***See*** N.T. Guilty Plea and Sentencing, 12/6/18, at 7. As such, the record reveals the only method by which the trial court, pursuant to

Pa.R.Crim.P. 704,[5] could have determined that Blackstone "ha[d] been advised" of his appellate rights was via Blackstone's signed guilty plea colloquy. *See* Guilty Plea Colloquy, 12/5/18, at [4]. Under the heading "Post-Sentencing Rights," the written plea colloquy states in relevant part:

> I understand that I have ten (10) days from the day of sentencing to file any post-trial motions with the sentencing court. Additionally, I understand that I have thirty (30) days from the day of sentencing, or thirty (30) days from the day the motions to modify are ruled upon, in order to file **an** appeal with the Pennsylvania Superior Court. I understand that I may have to file a post-trial motion in order to protect some of my appellate rights.

*Id.* (emphasis added).

The facts of this case are analogous to those of **Stansbury**. Specifically, Blackstone filed a single *pro se* notice of appeal listing multiple trial court docket numbers after the **Walker** decision was rendered. Also, like the *pro se* defendant in **Stansbury**, Blackstone was incorrectly advised that he had "thirty (30) days from the day of sentencing, or thirty (30) days from the day the motions to modify are ruled upon, in order to file **an** appeal with the

---

[5] Pennsylvania Rule of Criminal Procedure 704 (Procedure At Time of Sentencing) outlines measures that must be taken by the trial court in a sentencing hearing. Rule 704(C)(3)(a) provides: "The judge shall determine on the record that the defendant has been advised of . . . the right to file a post-sentence motion and to appeal, [and] the time within which the defendant must exercise those rights[.]" Pa.R.Crim.P. 704(C)(3)(a). **See Commonwealth v. Evans**, 201 A.3d 248, 250 (Pa. Super. 2018). The comment to Rule 704 states that "a written colloquy advising a defendant of his post-sentence and appellate rights may be used as long as it is made part of the record of the sentencing proceeding and is supplemented by an on-the-record examination." **Evans**, 201 A.3d at 250 n.4.

Pennsylvania Superior Court." Guilty Plea Colloquy, *supra* (emphasis added). Therefore, we find that the trial court misinformed Blackstone regarding the manner in which to file his notices of appeal, and that this amounted to a "breakdown in the court system" and excuses his non-compliance with *Walker*. Accordingly, pursuant to *Stansbury*, we decline to quash the instant appeal.

Turning to the merits of the instant appeal, Blackstone challenges the discretionary aspects of his sentence. Specifically, he contends that, at sentencing, the trial court failed to take several mitigating factors into account, including: Blackstone's prior record score of 0, that Blackstone only completed the 11th grade, that Blackstone took classes towards earning his high school diploma while incarcerated, that he was gainfully employed prior to his incarceration, his age at the time of sentencing, and his family support system. *See* Appellant's Brief, at 12.

In *Commonwealth v. Griffin*, 65 A.3d 932 (Pa. Super. 2013), we discussed the requirements for successfully articulating a challenge to the discretionary aspects of a sentence:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether

there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

*Id.* at 935-36 (internal citations omitted); *see also Commonwealth v. Mann*, 820 A.2d 788, 793-94 (Pa. Super. 2003). In *Commonwealth v. Kiesel*, 854 A.2d 530 (Pa. Super. 2004), we discussed the Rule 2119(f) requirement in greater detail:

[W]hen the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.[]R.A.P. 2119(f) *sua sponte, i.e.*, deny allowance of appeal. However, this option is lost if the appellee objects to a [Rule] 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied.

*Id.* at 533 (internal citations omitted). *See also Commonwealth v. Gambal*, 561 A.2d 710, 713 (Pa. 1989).

Here, regarding the second element of the above-stated four-part test, Blackstone failed to raise the discretionary sentencing issue at his sentencing hearing, and concedes that he failed to file any post-sentence motion. *See* Appellant's Brief, at 9. Accordingly, any issues that may exist with respect to the discretionary aspects of his sentence were not properly preserved for appeal, and thus, are waived. *See Griffin*, *supra*. Moreover, regarding the third element of the four-part test, Blackstone failed to include a Rule 2119(f) statement in his brief and the Commonwealth objected to that omission. *See*

Appellee's Brief, at 4. Consequently, we are precluded from reviewing the merits of Blackstone's claim. *See Kiesel*, *supra*.

      Judgment of sentence affirmed.

      Judge Dubow joins this Memorandum.

      Judge Stabile notes his dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/08/2020