J-S23028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                   :            PENNSYLVANIA
                                   :
             v.                        :
                                   :
                                   :
ERIC W. WILSON JR.                    :
                                   :
             Appellant              :        No. 178 EDA 2020

Appeal from the Judgment of Sentence Entered November 21, 2019,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s):  CP-23-CR-0004046-2018.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED OCTOBER 8, 2021**

Eric W. Wilson, Jr., appeals from the judgment of sentence imposed after a jury found Wilson guilty of conspiracy[1] to possess controlled substances with the intent to deliver.  Additionally, Wilson's counsel filed a petition to withdraw from representation and an accompanying brief pursuant to **_Anders v. California_**, 386 U.S. 738, 744 (1967).  Upon review, we grant counsel's petition, and affirm the judgment of sentence.

The pertinent facts are as follows.  On October 25, 2017, Wilson was riding in a Lincoln driven by his brother, Qawi Wilson.  The police noticed that the Lincoln had an obscured registration plate and tag and attempted to pull it over.  However, the Lincoln sped off, leading the police on a high-speed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 903.

chase.  Eventually, the Lincoln crashed, and Wilson, who was wearing jeans, a green jacket, and a black ski mask/hat, fled from the car, ran down a path through some vegetation, and jumped a fence.  The police ordered him to stop, but Wilson kept running until he became trapped on a rooftop.

The police apprehended Wilson, patted him down, and recovered a plastic bag with pills in it.  The police also apprehended Wilson's brother, searched him, and found crack cocaine packaged in plastic bags on him.

Upon searching the Lincoln, the police found a scale with cocaine powder residue on it behind the front passenger's seat, and 5 hydrocodone pills in a pill bottle on the floor in front of the passenger's seat.  On the driver's seat floor, the police found a clear plastic bag containing marijuana and 2 unused plastic bags in it, and 10 more small plastic bags with marijuana.

Additionally, the police retraced the path Wilson took when he fled from the police and found a black wool hat/ski mask and an orange prescription pill bottle with 22 Xanax pills in it lying in the vegetation along this path.  The prescription had been filled the day before and the bottle appeared to have been left there recently.  These items were found near the fence Wilson jumped.

Wilson and his brother were arrested and charged with multiple offenses, including conspiracy and various drug related offenses.

Following trial, a jury found Wilson guilty of conspiracy to possess with the intent to deliver various controlled substances.   The trial court sentenced

Wilson to 27 months to 55 months of incarceration, followed by 5 years of probation. Wilson filed a post-sentence motion, which the trial court denied.

Wilson filed this timely appeal. Counsel filed a petition to withdraw from representation and an *Anders* brief with this Court. Wilson did not retain independent counsel or file a *pro se* response to the *Anders* brief.

Before we may consider the issues raised in the *Anders* brief, we must first consider counsel's petition to withdraw from representation. ***See Commonwealth v. Garang***, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the ***Anders*** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of ***Anders***. Counsel indicated that he reviewed the record and concluded that Wilson's appeal is frivolous. Further, the ***Anders*** brief substantially comports with the requirements set forth by our Supreme Court in ***Santiago***. Finally, the record included a copy of the letter that counsel sent to Wilson stating counsel's intention to seek permission to withdraw and advising Wilson of his right to proceed *pro se* immediately or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Wilson's appeal is wholly frivolous.

In the ***Anders*** brief, counsel sets forth the following three issues which Wilson could assert, but, ultimately, would be frivolous:

I. The trial court abused its discretion in permitting the Commonwealth to amend the [i]nformation against [Wilson] from [c]riminal [c]onspiracy to [c]ommit [d]isorderly [c]onduct to [c]riminal [c]onspiracy to [p]ossession with [i]ntent to [d]eliver.

II. The trial court committed reversible error in denying [Wilson's] [m]otion to [d]ismiss pursuant to [Pennsylvania Rule of Criminal Procedure] 600.

III. The evidence presented by the Commonwealth in this jury trial was insufficient to sustain the conviction for [c]riminal [c]onspiracy to [possess] with [i]ntent to [d]eliver.

*See Anders* Brief at 3.

The first issue in the *Anders* brief relates to the Commonwealth's motion to amend the criminal information. Wilson contends, generally, that the trial court abused its discretion in granting that motion. *Anders* Brief, at 12.

Criminal Rule 564, Amendment of Information, provides:

The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa. R. Crim. P. 564. The purpose of Criminal Rule 564 is to ensure a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last-minute addition of alleged criminal acts of which the defendant is uninformed. *Commonwealth v. Sinclair*, 897 A.2d 1218, 1221 (Pa. Super. 2006). The test to be applied when evaluating a challenge to an amended information is as follows:

- 5 -

> Whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Commonwealth v. Bricker*, 882 A.2d 1008, 1019 (Pa. Super. 2005) (quoting *Commonwealth v. Davalos*, 779 A.2d 1190, 1194 (Pa. Super. 2001)) (citation omitted). Factors to be considered when determining if a defendant was prejudiced by the Commonwealth's amendment include whether: the amendment changes the factual scenario; new facts, previously unknown to appellant, were added; the description of the charges changed; the amendment necessitated a change in defense strategy; and the timing of the request for the amendment provides ample notice and preparation. *Commonwealth v. Jackson*, 215 A.3d 972, 979-80 (Pa. Super. 2019), *appeal denied*, 927 A.2d 624 (2007); *Sinclair*, 897 A.2d at 1223. When the trial court exercises its discretionary power to allow amendment of the information, a defendant will be afforded relief only if the defendant was prejudiced by the amendment. *Commonwealth v. Witmayer*, 144 A.3d 939, 947 (Pa. Super. 2016). If there is no prejudice, the amendment of the information is allowed up to and including the day of trial. *See Sinclair*, 897 A.2d at 1224.

- 6 -

The initial criminal complaint against Wilson listed the lead charge as possession with intent to deliver ("PWID") and the next charge as conspiracy-PWID. However, at the preliminary hearing, the magistrate held Wilson over on conspiracy and disorderly conduct, but failed to specify the underlying charge associated with the criminal conspiracy. Thus, the original criminal information contained only these two charges.

Several months before trial, the Commonwealth sought to amend its information to modify the conspiracy charge to conspiracy to possess with the intent to deliver. In granting the Commonwealth's motion, the trial court explained:

> Based on the likely ministerial error of the lower court, the determination that the same basic elements of the alleged crime were present, and the unchanged factual situation of the crime proposed to be amended, this court found [Wilson] to have been placed on notice regarding his alleged criminal conduct. [Wilson] suffered no prejudice as a result of the amendment.

Trial Court Opinion, 8/21/20, at 36, 38.

The trial court clearly considered the requirements of Criminal Rule 564. We therefore conclude that the trial court did not abuse its discretion in granting the Commonwealth's motion to amend its information. This issue is frivolous.

The second issue in the *Anders* brief relates to Wilson's Criminal Rule 600 motion. Wilson claims that the trial court abused its discretion in denying that motion. According to Wilson, there was an uncommonly long pre-trial process, and, at the time of his Rule 600 motion, more than 576 days had

elapsed since the filing of the criminal complaint against him. Given this, Wilson argues that the trial court should have granted his motion. ***Anders*** Brief, at 14.

"Rule 600 generally requires the Commonwealth to bring a defendant . . . to trial within 365 days of the date the complaint was filed." ***Commonwealth v. Hunt****,* 858 A.2d 1234, 1240 (Pa. Super. 2004) (*en banc*), *appeal denied,* 875 A.2d 1073 (Pa. 2005). "In assessing a Rule 600 claim, the court must exclude from the time for commencement of trial any periods during which the defendant was unavailable, including any continuances the defendant requested and any period for which he expressly waived his rights under Rule 600." ***See Commonwealth v. Brown***, 875 A.2d 1128, 1134 (Pa. Super. 2005). Additionally, any delay caused by circumstances beyond the Commonwealth's control and despite its due diligence is excluded from the time for commencement of trial/time calculation. ***Commonwealth v. Moore***, 214 A.3d 244, 248-249 (Pa. Super. 2019). Our standard of review in evaluating a Rule 600 claim is whether the trial court abused its discretion. ***Commonwealth v. Brock***, 61 A.3d 1015, 1017 (Pa. 2013).

Here, the Commonwealth filed the criminal complaint on October 25, 2017. Ultimately, Wilson's trial commenced on August 20, 2019. However, as the Commonwealth explained to the trial court, there were various reasons for the delay, which it could not control, as follows:

35 days from 11/8/17 - 12/13/17 Defendant not ready;
7 days from 12/13/17 - 12/20/17 Defendant not ready;

14 days from 2/21/18 - 3/7/18 Defense attorney request;

7 days from 3/7/18 - 3/14/18 Courthouse closed;

29 days from 4/4/18 - 5/2/18 Defendant not ready;

7 days from 5/2/18 - 5/9/18 Judge unavailable;

28 days from 5/30/18 - 6/27/18 Defense attorney request;

29 days from 8/13/18 - 9/11/18 Defense request/pending motion;

29 days from 9/11/18 - 10/10/18 Defense request/pending; motion;

41 days from 10/10/18 - 11/20/18 Defense request/pending motion;

7 days from 11/20/18 - 11/27/18 transportation/court holiday;

102 days from 2/7/19 - 5/20/19 Commonwealth's motion inadvertently filed under *Commonwealth v. Qawi Wilson*, 4047-2020 but argued on February 7, 2019, and taken under advisement; and

42 days from 6/5/19 - 7/17/19 Defendant's Rule 600 motion.

*See* Trial Court Opinion, 8/21/20, at 27. The trial court accepted the Commonwealth's recitation and summary of the delays, totaling 377 days. It further found that, despite these delays, the Commonwealth exercised due diligence in bringing Wilson to trial. *Id.* at 34. Consequently, it denied Wilson's motion.

Notably, we observe that a significant portion of the delay was due to defense requests and its lack of readiness. And, although the Commonwealth filed a motion to amend its information, the delay caused thereby was due to the time it took the court to decide the motion. Furthermore, there is no indication that the Commonwealth attempted to evade Wilson's right to a

speedy trial. We therefore conclude that the trial court properly excluded the aforementioned period of time from the Rule 600 time computation, and did not abuse its discretion in denying Wilson's Rule 600 motion. This issue is frivolous.

The third issue in the **Anders** brief pertains to the sufficiency of the evidence to sustain Wilson's conviction for conspiracy to possess with intent to deliver.[2] Specifically, Wilson claims that the evidence failed to establish that Wilson conspired to possess the controlled substances with the intent to deliver them. **Anders** Brief at 16.

In reviewing a sufficiency of the evidence claim, this Court:

must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the

_____

[2] In the body of the **Anders** Brief, counsel indicates that Wilson also claims that the verdict was against the weight of the evidence, but this issue was not set forth in Wilson's statement of questions involved on appeal. Notwithstanding this, we observe that the trial court concluded that verdict was not against the weight of the evidence. In reaching this conclusion, the court reviewed all of the evidence presented in support of the fact that Wilson possessed, either directly or constructively, various drugs with the intent to deliver them, and did so in agreement with his brother. Trial Court Opinion, 8/21/20, at 49.

Initially, we note that "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." **Commonwealth v Widmer**, 744 A.2d 745, 753 (Pa. 2000). Furthermore, as our review of a weight claim on appeal is limited to a review of the judge's exercise of discretion, we conclude that the trial court did not abuse its discretion in determining whether the verdict was against the weight of the evidence. **See Commonwealth v. Evans**, 201 A.3d 248, 250 (Pa. Super. 2018) (citations omitted). This issue is also frivolous.

light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted). However, "the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt." *Commonwealth v. Scott,* 597 A.2d 1220, 1221 (Pa. Super. 1991). "The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review." *Id.* "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond,* 83 A.3d 119, 126 (Pa. 2013).

Simply stated, the offense of conspiracy requires proof of three elements: 1) an agreement, 2) shared criminal intent, and 3) an overt act. *See* 18 Pa.C.S.A. § 903; *Commonwealth v. Murphy,* 795 A.2d 1025, 1037-38 (Pa. Super. 2002). Moreover, the conspiratorial agreement and shared criminal intent may be proven by circumstantial evidence. We have stated:

An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged

- 11 -

conspiracy beyond a reasonable doubt. Even if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators taken in furtherance of the conspiracy.

*Id.* at 1038 (quoting **Commonwealth v. Johnson,** 719 A.2d 778, 784-85 (Pa. Super. 1998) (*en banc*)), *appeal denied,* 739 A.2d 1056 (Pa. 1999) (citations and internal quotations omitted).

To establish PWID, the Commonwealth must prove: 1) the possession of the controlled substance; and 2) the intent to deliver the controlled substance. **See**, **e.g.**, **Commonwealth v. Lee**, 956 A.2d 1024, 1028 (Pa. Super. 2008); **see also** 35 P.S. 780-113(a)(30). Possession of a controlled substance can be found by "proving actual possession, constructive possession, or joint constructive possession." **Commonwealth v. Parrish**, 191 A.3d 31, 26 (Pa. Super. 2018), *appeal denied*, 202 A.3d 42 (Pa. 2019) (citation omitted).

Furthermore, in determining whether there is sufficient evidence to show that the controlled substances were possessed with the intent to deliver, all facts and circumstances surrounding the possession are relevant. **See Bricker**, 882 A.2d at 1015. The intent to deliver can be inferred from the surrounding facts and circumstances. **Commonwealth v. Kirkland**, 831 A.2d 607, 611 (Pa. Super. 2003), *appeal denied*, 847 A.2d 1280 (2004). "Factors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant." **Id.**

Here, the Commonwealth established at trial that both Wilson and his brother had drugs in their possession. Drugs also were found in the Lincoln. Notably, the police found a pill bottle with hydrocodone on the floor in front of Wilson's seat. A bottle of Xanax was also found along the path Wilson took as he fled from the police.

Additionally, the evidence demonstrated that Wilson and his brother's possession of the drugs was consistent with dealing drugs rather than personal use. A scale was found behind Wilson's seat with cocaine residue on it. The marijuana found in the Lincoln was packaged in separate little baggies along with other unused baggies and a larger amount of unpackaged marijuana. The presence of different drugs is indicative that the drugs are possessed for the purpose of delivering them rather than personal use. No drug paraphernalia to ingest the drugs was found. Based on these circumstances, the Commonwealth's expert opined that the drugs were possessed by Wilson with the intent to deliver.

Furthermore, Wilson was in the car with his brother where drugs and drug paraphernalia were in plain sight and within Wilson's reach. When the police tried to stop the Lincoln, it sped off. After the Lincoln crashed, Wilson jumped out of the car and took off running. As Wilson fled from the police, he dumped a bottle of Xanax along the way, all in an effort to avoid getting caught. From the totality of the circumstances, the jury could infer that Wilson had the drugs in his possession and agreed with his brother to work together to sell them.

Thus, based upon our review of the record, and viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that there was sufficient evidence to prove beyond a reasonable doubt that Wilson was engaged in a conspiracy with his brother to deliver the drugs in his possession. This issue is frivolous

Furthermore, as required by **Anders**, we have independently reviewed the record to determine whether there are any non-frivolous issues present in this case. Our review of the record discloses no other non-frivolous issues that Wilson could raise that counsel overlooked. **See Dempster**, **supra**.

Having concluded that there are no meritorious issues, we grant counsel's petition to withdraw, and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/8/2021

- 14 -