J-S22008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TROY PHILLIP HAHN :
:
Appellant : No. 515 EDA 2022

Appeal from the Judgment of Sentence Entered January 6, 2022
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002761-2020

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.: **FILED AUGUST 22, 2022**

Troy Phillip Hahn appeals from his January 6, 2022 judgment of sentence of ninety days of probation, which was imposed after he was found guilty of summary harassment. We affirm.

The events in this case concern a physical altercation between Appellant and his brother, Todd Hahn ("the victim"), which took place at the home of their mother, Sandra Zdepski, in Easton, Pennsylvania, on August 31, 2020. On that day, only Zdepski and her two sons were present in the home. Zdepski was sitting alone in her living room when she heard the two men arguing loudly in her kitchen. *See* N.T. Trial, 1/6/22, at 5. Zdepski then heard the victim exclaim that he was bleeding, whereupon she entered the kitchen and found the victim on the floor bleeding from a swollen lip and a scratch on his face. *Id*. at 5-7, 17-19. While Zdepski tended to the victim, Appellant fled from the residence. *Id*. at 7. The victim called the authorities

and Trooper Matthew Brown of the Pennsylvania State Police responded to the scene. Trooper Brown took photographs of the victim's injuries and statements from Zdepski and the victim. *Id*. at 16-18.

As a result of this incident, Appellant was charged with two counts of terroristic threats and one count each of simple assault and summary harassment. The charges of terroristic threats were dismissed at his preliminary hearing and the simple assault charge was withdrawn by the Commonwealth. On January 6, 2022, a bench trial was held on the remaining count of harassment. Based upon the above events relayed through the testimony of Zdepski and Trooper Brown, the trial court found Appellant guilty and sentenced him to a ninety-day period of probation. *Id*. at 28 ("[W]e can conclude by circumstantial evidence that, in fact, the victim, her one son, was assaulted by [Appellant], her other son.").

This timely appeal followed. Both Appellant and the trial court have complied with the obligations of Pa.R.A.P. 1925. Appellant has raised a single claim for our consideration: "Was the evidence provided insufficient to sustain Appellant's conviction for [h]arassment?" Appellant's brief at 4.

We bear the following well-established legal principles in mind:

Our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical

- 2 -

certainty. The facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Lynch*, 242 A.3d 339, 352 (Pa.Super. 2020) (cleaned up). We also note that "the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by relying wholly on circumstantial evidence." *Commonwealth v. Davalos*, 779 A.2d 1190, 1193 (Pa.Super. 2001).

Instantly, the subsection under which Appellant was convicted provides that a person "commits the crime of harassment when, with the intent to harass, annoy, or alarm another, the person strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threats to do the same[.]" 18 Pa.C.S. § 2709(a)(1). Thus, § 2709(a)(1) contains two elements: (1) subjecting another person to physical contact; and (2) with the intent to harass, annoy, or alarm. Our Court has consistently held that "[a]n intent to harass may be inferred from the totality of the circumstances." *Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa.Super. 2013); *see also Commonwealth v. Miller*, 689 A.2d 238, 242 (Pa.Super. 1997) (same).

Appellant's argument challenges both elements of harassment at § 2709(a)(1), *i.e.*, physical contact and the intent to harass. Appellant's argument with respect to physical contact is focused upon the fact that no testifying witness actually observed Appellant strike the victim. *Id*. at 12 ("On

this sparse record, the finder of fact is left to speculate as to how and why [the victim's] face came to be injured."). Along similar lines, Appellant asserts the Commonwealth did not adduce enough evidence of his intent. **See** Appellant's brief at 8 ("If, *arguendo*, the finder of fact could infer from the circumstantial evidence of [the victim's] bleeding lip that Appellant struck him, the record is devoid of any evidence that would support anything beyond mere speculation as to Appellant's intent in doing so."). We disagree.

Viewed in the light most favorable to the Commonwealth, the evidence at trial established that Appellant and the victim were arguing with one another. As a consequence of this altercation, the victim ended up on the floor of Zdepski's kitchen with bloody contusions to his face. Although there is no direct testimony that Appellant struck the victim, such physical contact can readily be inferred from the totality of the attendant circumstances, *i.e.*, two men were arguing vociferously and one of them ended up on the floor bleeding from his face. Even in the absence of direct evidence, it was entirely reasonable for the trial court to infer that Appellant assaulted the victim by physically striking him. **See**, **e.g.**, **Commonwealth v. Lewis**, 911 A.2d 558, 565 (Pa.Super. 2006) (holding that evidence of injuries to a victim's face supported an inference that a defendant delivered punches that the victim could not remember).

Turning to the second element of harassment, we emphasize that "[i]ntent can be proven by direct or circumstantial evidence; it may be inferred

from acts or conduct or from the attendant circumstances." *Id*. at 564. As discussed immediately above, the evidence at trial appropriately supported an inference that Appellant struck the victim. Where the evidence establishes that a defendant struck another person in the face and caused an injury, this Court has ruled that such conduct is sufficient, by itself, to support a conviction of harassment. *See Commonwealth v. Malloy*, 266 A.3d 658 (Pa.Super. 2021) (non-precedential decision at 15). With specific reference to intent, this Court has found that a physical assault coupled with a "heated argument" is sufficient to establish intent pursuant to § 2709(a)(1). *Commonwealth v. Gibson*, 221 A.3d 243 (Pa.Super. 2019) (non-precedential decision at 2).[1] We agree with these determinations. Accordingly, we find no merit to Appellant's arguments concerning intent.

Based on the foregoing, the evidence at trial establishes the necessary elements of harassment at § 2709(a)(1). Consequently, no relief is due.

Judgment of sentence affirmed.

---

[1] Pursuant to the Pennsylvania Rules of Appellate Procedure, we may cite non-precedential memorandum decisions of this Court that were filed after May 1, 2019 for their "persuasive value." Pa.R.A.P. 126(b)(1)-(2).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2022