J-S10039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES CHRISTOPHER MEINSLER | : | |
| | : | |
| Appellant | : | No. 1152 WDA 2023 |

Appeal from the Judgment of Sentence Entered September 19, 2023
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000659-2022

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED: JULY 5, 2024**

Charles Christopher Meinsler ("Meinsler") appeals from the judgment of sentence imposed following his summary convictions for criminal mischief and defiant trespass.[1]  After careful review, we affirm.

In 2022, police responded to a report that Meinsler, who had been evicted from his apartment, returned to the apartment complex, broke into a laundry room, and connected extension cords to electrical outlets in the laundry room for the purpose of performing work on his car.  The Commonwealth charged Meinsler with one count of defiant trespass graded as a misdemeanor of the third degree.  Meinsler elected to waive the preliminary hearing.  The Commonwealth subsequently filed an amended information withdrawing the misdemeanor defiant trespass charge and adding a charge

---

[1] **See** 18 Pa.C.S.A. §§ 3304(a)(5) and 3503(b)(1)(i).

for criminal mischief, graded as a summary offense. The trial court scheduled the matter for trial on August 23, 2023; however, Meinsler failed to appear, and the matter proceeded as a non-jury trial in *absentia*. Meinsler's counsel appeared for the non-jury trial and presented a defense on his behalf.

The trial court summarized the trial proceedings as follows:

. . . [T]he Commonwealth called Mr. Kenneth Hespenheide, [("landlord")], who testified that he is the landlord of the apartment building at 330/328 South Washington Street in the City of Butler. [Landlord] testified that he rented an apartment in this building at 328[1/2] South Washington Street, to [Meinsler]. [Landlord] testified that on January 18th, 2022[,] in the evening, he received a phone call from a neighbor to the South Washington Street apartment building. Apparently, after [Meinsler] was evicted from his apartment on South Washington [S]treet the day before, he gained access to the building without the landlord's approval in order to use electricity to work on his car which was still located behind the apartment building. [Landlord was aware that Meinsler's car needed to be towed, and he advised Menisler that, when he was ready to get his car and the tow truck driver was to come to the apartment complex, Meinsler was to notify the landlord.] [Landlord] testified that [Meinsler] damaged a lockset and a door to a tenant's laundry room. [Landlord] observed that "the door was broken open. The door frame was totally split - split open where the lock set hits it, and then the door was damaged also." [Landlord] observed cables that were plugged into an outlet in this tenant's laundry room that ran outside to where [Meinsler]'s car was parked. [Landlord] testified that he walked around the apartment building on the day that [Meinsler] was evicted and failed to note any damage to the apartment building.

. . . Officer Andrew Niederlander [("Officer Niederlander")] of the Butler City Police testified that he has been employed as a police officer for six and a half years. [Officer Niederlander] testified that on January 18th, 2022, he encountered [Meinsler] at the South Washington Street apartment building and knew that [Meinsler] had been evicted from said property the day before. [Officer Niederlander] observed the cables. [Officer Niederlander] advised [Meinsler] that he would be charged with trespassing and

then released him. [Officer Niederlander] took into consideration the information . . . about the damage to the laundry room door when he prepared the charges.

At the close of its case, the Commonwealth moved to amend the information to add a count of defiant trespass, a summary offense at 18 [Pa.C.S.A. §] 3503[(b)](1)(i). [The trial] court granted the motion to amend and the defense lodged an objection. The defense also argued that the Commonwealth failed to show that [Meinsler] intentionally damaged the door to the laundry room, a requirement for the charge of criminal mischief. The Commonwealth argued that the landlord "testified that he walked around the building, there was no damage on the date of the eviction. [Landlord] did notice the wires running to the vehicle, which is . . . Meinsler's vehicle, with damage to the door. Those wires or cables were plugged into an outlet. . . . There are cables running to one person's vehicle. Only [Meinsler] was there. And the damage didn't exist until that day. We believe we've proven that charge, criminal mischief, beyond a reasonable doubt. And we would argue that amending the information is to be broadly granted even before - right after the Commonwealth presents its case in chief to a jury. And we believe we've established defiant trespass as we are seeking an amendment."

[The trial] court found [Meinsler] guilty of Count 1 - criminal mischief and Count 2 - defiant trespass. [The trial] court noted that [Meinsler] failed to appear despite being notified of the date and time of trial. [The trial] court proceeded to issue the following sentence: "[Meinsler] shall be sentenced to pay a fine of $100. [Meinsler] shall be ordered to pay restitution in the amount of $988 payable to [landlord]. And . . . [Meinsler] shall serve a sentence of not less than ten days nor more than [ninety] days at the Butler County Prison. . . .."

Trial Court Opinion, 11/14/23, at 2-3 (internal citations omitted).

Meinsler filed a post-sentence motion to vacate the in *absentia* sentence which the trial court granted. On September 19, 2023, with Meinsler present, the trial court resentenced him, imposed the same sentence of ten to ninety days of incarceration, and restitution of $988 payable to landlord in monthly

payments of $100 per month.[2]  Meinsler did not file a post-sentence motion following his resentencing.  Meinsler filed a timely notice of appeal.  Both Meinsler and the trial court complied with Pa.R.A.P. 1925.

Meinsler presents the following issues for our review:

  I.    Whether the trial court erred in convicting [Meinsler] of criminal mischief and defiant trespass without sufficient evidence of intent?

 II.    Whether the trial court erred in convicting [Meinsler] of criminal mischief and defiant trespass by giving inappropriate weight to circumstantial evidence?

III.    Whether the trial court erred as a matter of law by convicting [Meinsler] of criminal mischief and defiant trespass when said offense was not charged by information prior to trial?

IV.    Whether the trial court abused its discretion by sentencing [Meinsler] in *absentia*, vacating said sentence, then imposing the same sentence?

Meinsler's Brief at 12 (unnecessary capitalization omitted).

In his first issue, Meinsler claims that the evidence was insufficient to prove the intent element of his convictions.  Our standard of review of a sufficiency challenge is well-settled:

The standard we apply . . . is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not

_____

[2] Here, we note that the trial court complied with 18 Pa.C.S.A. § 1106(c)(2)(i-ii), which requires the trial court to specify the amount and method of restitution at the time of sentencing.  **See** 18 Pa.C.S.A. § 1106(c)(2)(i-ii); **see also Commonwealth v. Royal**, 312 A.3d 317, 325-26 (Pa. Super. 2024).

- 4 -

preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated, and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Edwards*, 229 A.3d 298, 305–06 (Pa. Super. 2020) (citations omitted).

With respect to criminal mischief, the Commonwealth must show that the defendant "intentionally" damaged "real or personal property of another." 18 Pa.C.S.A. § 3304(a)(5). A person intentionally causes damage when "it is his conscious object to engage in conduct of that nature or to cause such a result[.]" *Id*. § 302(b)(1)(i). The element of intent may be proven by circumstantial evidence. *See Commonwealth v. Sulpizio*, 281 A.3d 352, 358 (Pa. Super. 2022) (concluding that the circumstantial evidence supported the conclusion that the defendant struck the victim's vehicle with the intent to cause damage); *see also Commonwealth v. Zambelli*, 695 A.2d 848, 851 (Pa. Super. 1997) (the presence of the defendant walking alongside a van with an object in his hand at the same time a loud screeching sound was heard by witnesses, followed by the discovery of scratches on the van, was deemed sufficient circumstantial evidence to establish damage caused by the defendant's actions).

A person commits the offense of defiant trespass "if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by . . . actual communication to the actor." 18 Pa.C.S.A. § 3503(b)(1)(i). This crime requires an intentional *mens rea* and, to establish the crime under that subsection, "the Commonwealth must prove that a defendant (1) entered or remained upon property without a right to do; (2) while knowing that he had no license or privilege to be on the property; and (3) after receiving direct or indirect notice against trespass." ***Commonwealth v. Bradley***, 232 A.3d 747, 758 (Pa. Super. 2020) (holding that the circumstantial evidence established the elements of defiant trespass, including the *mens rea* requirement).

Meinsler makes two related sufficiency arguments with respect to the intent element of his convictions for criminal mischief and defiant trespass. First, with respect to his conviction for criminal mischief, he argues that the only evidence of his intent to commit this offense was his attempt to obtain electricity, not to destroy the property of another. Meinsler insists that evidence of his intent to obtain electricity cannot be used to establish his intent to damage property. With respect to his conviction for defiant trespass, Meinsler asserts that, although he was evicted, landlord's trial testimony established that he was conditionally permitted to return to the premises upon notifying landlord when his car was to be towed. Meinsler claims that based on such testimony, the Commonwealth only established that he was present

- 6 -

on the property which is insufficient to prove his intent to commit defiant trespass.

The trial court addressed Meinsler's sufficiency challenge and determined that it lacked merit. The trial court aptly reasoned:

[T]he credible evidence presented at trial convinced [the trial court] that [Meinsler] intentionally damaged the door to the laundry room in order to access an electrical outlet to provide light as he worked on his car. The landlord testified that on the day of [Meinsler]'s eviction there was no damage to the laundry room door or to the apartment building. [After evicting Meinsler, landlord told him that should he return to the property, he would be trespassing. Officer Niederlander also testified that on both the incident date and on the day prior, he told Meinsler that he no long had permission to be on the property]. A day later, on January 18, 2022, a neighbor called . . . the landlord, that evening after it was dark to report that the . . . laundry room door was being busted into and extension cords were being run out of it for [Meinsler] to work on his car. The landlord called the police who responded and encountered [Meinsler] standing in the back parking lot and observed cables on the ground. The landlord testified to the damage to the laundry room door and lock set.

Trial Court Opinion, 11/14/23, at 3 (citations omitted.)

Viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, we conclude that the Commonwealth presented sufficient evident to establish the intent element of Meinsler's convictions for criminal mischief and defiant trespass. Although no individual witnessed Meinsler damage the laundry room door, the evidence established that Meinsler had been evicted from the apartment complex, his car was disabled on the premises, he was told by landlord and Officer Niederlander not to return to the premises, the laundry room door was undamaged on the day Meinsler was

evicted, the laundry room door was found to be damaged on the following day at the same time that Meinsler was found on the premises, without permission, and running electrical cables from an outlet in the laundry room to the area where his disabled vehicle was located. This circumstantial evidence was sufficient for the trial court to reasonably infer that Meinsler intended to damage the laundry room door in order to gain access to the electrical outlet within the laundry room for the purpose of working on his disabled car. As such, we conclude that the evidence was sufficient to support Meinsler's conviction for criminal mischief.

With respect to Meinsler's conviction for defiant trespass, the evidence established that Meinsler knew that he was not permitted to return to the property, having been evicted and notified by both landlord and Officer Niederlander that he would be trespassing if he returned to the property. Given the evidence that Meinsler had been notified that he would be trespassing if he returned to the apartment complex, and that he deliberately returned and remained on the premises to work on his disabled car, we conclude that the evidence was sufficient to support his conviction for defiant trespass. Thus, Meinsler's first issue merits no relief.

In his second issue, Meinsler claims that his convictions were against the weight of the evidence. A claim challenging the weight of the evidence "shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time

before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A)(1)-(3). The failure to preserve a weight claim pursuant to Rule 607 will result in waiver. *See Commonwealth v. Weir*, 201 A.3d 163, 167 (Pa. Super. 2018) (holding that a claim challenging the weight of the evidence cannot be raised for the first time on appeal).

Instantly, Meinsler's defense counsel made no oral or written motion for a new trial after the announcement of the trial court's verdict and prior to the imposition of the original sentence. *See* N.T., 8/23/23, at 17-18. In his post-sentence motion to vacate the in *absentia* sentence, Meinsler did not raise a weight of the evidence challenge. Furthermore, he failed to file a post-sentence motion following his resentencing. As a result, we conclude that Meinsler waived any weight claim by failing to avail himself of any of the three prescribed methods to raise a weight of the evidence challenge with the trial court. *See Weir*, 201 A.3d at 167.[3]

In his third issue, Meinsler contends that the trial court abused its discretion by allowing the Commonwealth to amend the criminal information

---

[3] Meinsler claims that he was unable to preserve his weight challenge in a post-sentence motion due to Pa.R.Crim.P. 720(D). *See* Pa.R.Crim.P. 720(D) ("providing that [t]here shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas"). Meinsler's argument is unavailing, as his trial was not a *de novo* summary appeal. Instead, Meinsler's case originated in the court of common pleas based on a misdemeanor charge that was later amended to a summary offense. As a result, Rule 720(D) was inapplicable, and Meinsler was required to comply with Rule 607 to preserve his weight claim.

to add the charge of defiant trespass during trial.  We review a trial court's

decision to grant or deny a motion to amend an information for an abuse of

discretion.  ***See Commonwealth v. Sandoval***, 266 A.3d 1098, 1101 (Pa.

Super. 2021).  Pursuant to Pa.R.Crim.P. 564:

> The court may allow an information to be amended, provided that
> the information as amended does not charge offenses arising from
> a different set of events and that the amended charges are not so
> materially different from the original charge that the defendant
> would be unfairly prejudiced.  Upon amendment, the court may
> grant such postponement of trial or other relief as is necessary in
> the interests of justice.

Pa.R.Crim.P. 564.

The purpose of Rule 564 is to ensure that a defendant is fully apprised

of the charges, and to avoid prejudice by prohibiting the last-minute addition

of alleged criminal acts of which the defendant is uninformed.  ***See***

***Commonwealth v. Duda***, 831 A.2d 728, 732 (Pa. Super. 2003).  The test to

be applied is:

> Whether the crimes specified in the original indictment or
> information involve the same basic elements and evolved out of
> the same factual situation as the crimes specified in the amended
> indictment or information.  If so, then the defendant is deemed to
> have been placed on notice regarding his alleged criminal conduct.
> If, however, the amended provision alleges a different set of
> events, or the elements or defenses to the amended crime are
> materially different from the elements or defenses to the crime
> originally charged, such that the defendant would be prejudiced
> by the change, then the amendment is not permitted.

***Commonwealth v. Davalos***, 779 A.2d 1190, 1194 (Pa. Super. 2001)

(citation omitted).  If there is no showing of prejudice, amendment of an

- 10 -

information to add an additional charge is proper even on the day of trial. *See Commonwealth v. Picchianti*, 600 A.2d 597, 599 (Pa. Super. 1991).

Meinsler argues that he was prejudiced because the trial court permitted the Commonwealth to amend the criminal information at trial to add the count of defiant trespass graded as a summary offense. Meinsler contends that, by permitting the Commonwealth to amend the criminal information at the close of its case in chief, the court prevented him from cross-examining any witness or developing any defense related to defiant trespass. Meinsler maintains that, at the time of trial, he was charged only with criminal mischief, and that crime shares no commonality with defiant trespass.

The trial court considered Meinsler's third issue and determined that it lacked merit. The court concluded that the new charge for defiant trespass stemmed from the same factual scenario as the original charge for defiant trespass, and that Meinsler would not be unduly prejudiced by the amendment. *See* Trial Court Opinion, 11/14/23, at 4.

Based on our review, we discern no abuse of discretion by the trial court in permitting the amendment. As explained above, the purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last-minute addition of alleged criminal acts of which the defendant is uninformed. *See Duda*, 831 A.2d at 732. Here, the original information included the charge of defiant trespass graded as a misdemeanor of the third degree. The facts included in the original

information alleged that "[o]n January 18, 2022, . . . Meinsler, not being licensed or privileged to do so entered or remained in any place as to which notice against trespass was given by actual communication to the actor, namely 330 South Washington Street by entering the bottom floor door causing damage . . .." **See** Police Criminal Complaint, 2/11/22, at 3. The amendment at trial added the **same** charge of defiant trespass, albeit as a summary offense. Thus, the crime specified in the original information involved the same basic elements and evolved out of the same factual situation as the crime specified in the information as amended at trial. **See Davalos**, 779 A.2d at 1194. Accordingly, Meinsler was deemed to have been placed on notice regarding his alleged criminal conduct. **See id**. Thus, Meinlser's third issue merits no relief.

In his final issue, Meinsler asserts that the trial court abused its discretion by sentencing him in *absentia*, vacating the sentence, and then reimposing the same sentence. Meinsler's argument implicates the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence is not appealable as of right. **See Commonwealth v. Akhmedov**, 216 A.3d 307, 328 (Pa. Super. 2019). A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. **See Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004). Rather,

an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by:

> (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

*Id*. (citation omitted). Only after the appellant has satisfied each of the four requirements will we proceed to review the merits of the discretionary sentencing issue. *Id*. at 328-29.

Here, Meinsler filed a timely notice of appeal. However, he failed to properly preserve his discretionary sentencing claim at the resentencing hearing or in a post-sentence motion.[4] Accordingly, as Meinsler failed to satisfy each of the requirements necessary to invoke this Court's jurisdiction, we decline to review his discretionary sentencing claim.

Judgment of sentence affirmed.

---

[4] Meinsler also failed to file a separate Rule 2119(f) statement in his brief, as required by our Appellate Rules. Instead, he merely set forth the contents of the statement in the discussion of his fourth issue. However, as the Commonwealth did not object on this basis, we decline to rely on this deficiency as a separate basis to deny review of Meinsler's discretionary sentencing claim. *See Commonwealth v. Kiesel*, 854 A. 2d 530, 533 (Pa. Super. 2004) (holding that when the Commonwealth objects to the omission of a Rule 2119(f) statement, this Court is precluded from reviewing the merits of the claim and the appeal must be denied).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

FILED: 7/5/2024